**Roy FERRELL, Appellant,**

v.

**TRAILMOBILE, Inc., Appellee.**

**No. 15269.**

United States Court of Appeals
Fifth Circuit.

June 17, 1955.

Edward C. Fritz, Dallas, Tex., for appellant.

Wm. Madden Hill, Ungerman, Hill & Ungerman, Dallas, Tex., for appellee.

Before HOLMES and RIVES, Circuit Judges, and WRIGHT, District Judge.

RIVES, Circuit Judge.

This appeal is from three judgments; the first being a final judgment in the sum of $291.17, for the satisfaction of which foreclosure of a chattel mortgage lien on a truck trailer was directed; the second, a judgment denying relief from such final judgment under Rule 60(b), F.R.C.P., 28 U.S.C.A.; and the third, a judgment denying a motion to vacate satisfaction of said final judgment.

■ We find no error in the proceedings culminating in the original final judgment. The basis of that judgment was that the appellant had failed to pay one of eighteen installments for the purchase of the truck trailer. The appellee denied receiving an installment which appellant claimed that he paid on or about December 22, 1952, by three post office money orders totalling $254.60. After judgment was rendered against him, appellant succeeded in securing photostatic copies of the three money orders, bearing appellee's endorsement, and also an affidavit of the auditor of the bank in which such money orders were deposited. If, in fact, practically conclusive evidence shows that the appellant had actually paid all eighteen installments for the purchase of the trailer, it is obvious that the judgment should be set aside to prevent a manifest miscarriage of justice. In such a case, the ends of justice may require granting a new trial even though proper diligence was not used to secure such evidence for use at the trial. Cockrell v. State, 71 Tex.Cr.R. 543, 160 S.W. 343, 345, 48 L.R.A.,N.S., 1001; 39 Am.Jur., New Trial, Sec. 160, p. 168, Note 4; 66 C.J.S., New Trial, § 104(a), p. 303, Note 37.

■■ To prevent foreclosure on his truck trailer, appellant had paid the judgment before he secured the additional evidence of payment of the disputed installment. At the outset, appellee moves to dismiss the appeal, because the appellant has paid the judgment and thereby has waived his right of appeal and has rendered the appeal moot, relying principally upon American Book Co. v. State of Kansas, 193 U.S. 49, 24 S.Ct. 394, 48 L.Ed. 613; National-Ben Franklin Fire Insurance Co. v. Haughton, 5 Cir., 36 F.2d 225; Selected Products Corp. v. Humphreys, 7 Cir., 86 F.2d 821. We think that the rule has long been established in the federal courts that payment of a judgment, of itself, does not cut off the payor's right of appeal. Dakota County v. Glidden, 113 U.S. 222, 224, 5 S.Ct. 428, 28 L.Ed. 981; Puget Sound Nav. Co. v. Nelson, 9 Cir., 59 F. 2d 697, 702; 2 Am.Jur., Appeal & Error, Section 221, p. 981; 4 C.J.S., Appeal & Error, § 214(b), p. 410; Annotation 39 A.L.R.2d 160. There are, of course, circumstances in which that rule is not applicable; e. g. when such payment is by way of compromise or shows an intention to abide by the judgment, when the payment is coupled with the acceptance of benefits under the judgment, or when compliance with the judgment renders appellate relief futile. See same authorities. One or more of such circumstances existed in each of the cases relied upon by the appellee, but we find no such circumstance in the present case. The motion to dismiss the appeal is, therefore, denied.

■■ Failing in its motion to dismiss the entire appeal, appellee's next line of defense is to insist that the consideration by this Court be limited to the appeal from the original final judgment, because, according to appellee's contention, the district court was without authority to consider or pass upon the motion for relief from the judgment under Rule 60(b), Federal Rules of Civil Procedure, or the motion to vacate satisfaction of the judgment, since at the time of the presentation of such motions the appeal had been perfected by the filing of notice of appeal. The authority relied upon by appellee, Miller v. United States, 7 Cir., 114 F.2d 267, would tend to sustain its position that the district

court had no authority to *grant* either of said motions. That much may be conceded. We are, however, directed to construe the rules "to secure the just, speedy, and inexpensive determination of every action." Rule 1, Federal Rules of Civil Procedure. In that spirit, we find ourselves in agreement with the District of Columbia Circuit, that the district court retains jurisdiction to consider and deny such motions, but that, if it indicates that it will grant the motion, the appellant should then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion. Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349, 350. Rule 60(b) expressly provides that, "A motion under this subdivision (b) [unlike motions under Rules 50(b), 52(b) and 59, see Rule 73(a), F.R.C.P.] does not affect the finality of a judgment or suspend its operation." A party who considered himself entitled to relief both under Rule 60 (b) and also by appeal, might, on occasion, be required to elect between the two remedies, if appeal deprived the district court of jurisdiction to consider the motion under Rule 60(b). The construction suggested by the Seventh Circuit makes both remedies available, and we think that is the right course. We think, therefore, that this Court has jurisdiction to consider not only the appeal from the original final judgment, but the appeals from the judgment denying relief under Rule 60(b) and from the judgment denying the motion to vacate satisfaction of judgment.

Appellee moved in the district court to strike appellant's motion for relief from the judgment under Rule 60 (b) on the ground that the judgment had been paid. The district court sustained the appellee's motion to strike, declined to receive any testimony offered by the appellant, and summarily denied appellant's motion for relief under Rule 60(b) and his motion to set aside satisfaction of judgment. For reasons sufficiently discussed in denying appellee's motion to dismiss the appeal on the ground that the judgment had been paid, we think that the district court erred, and that the appellant was entitled to a full hearing on the merits of its motions. The judgments denying appellant's motion for relief under Rule 60(b) and his motion to set aside satisfaction of the judgment are, therefore, reversed, and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.