**SIERRA CLUB**

v.

**John H. MASON, as Division Engineer, United States Army Corps of Engineers for the New England Division, and Robert F. Froehlke, as Secretary of the Army.**

Civ. No. B–582.

United States District Court,
D. Connecticut.

Oct. 26, 1973.

---

Haynes N. Johnson, Stamford, Conn., for plaintiff.

Howard C. Eckenrode, Asst. U. S. Atty., Bridgeport, Conn., for defendants.

## MEMORANDUM OF DECISION ON MOTIONS TO VACATE AND MODIFY INJUNCTION

NEWMAN, District Judge.

These motions raise issues concerning the role of a District Court in the implementation of the National Environmental Policy Act (NEPA), 42 U.S.C. § 4331 et seq. Plaintiff brought this suit to prevent the statutory violation that it reasonably apprehended because of the defendants' plan to undertake a project to dredge the New Haven harbor and dump the spoil into Long Island Sound without filing the environmental impact statement required by the Act. Plaintiff secured a preliminary injunction on October 31, 1972,[1] which was made permanent on May 10, 1973. That injunction barred defendants from undertaking the dredging project until NEPA was complied with by the preparation and filing of a final impact statement. Such a statement was prepared in August, 1973, and made available to plaintiff.

Defendants now move to vacate the injunction on the ground that it is no longer necessary. Plaintiff opposes vacating the injunction and moves to have it modified to require defendants to abide by the assurances they have made

1. Sierra Club v. Mason, 351 F.Supp. 419 (D.Conn.1972).

in the impact statement, particularly those concerning how the project will be carried out and the research that is planned to monitor the environmental risks of the project.

■ Fed.R.Civ.P. 60(b)(5) permits a court to relieve a party from a final judgment when "the judgment has been satisfied . . . or it is no longer equitable that the judgment should have prospective application." As to a judgment in equity for an injunction, this remedy replaces the former bill of review. 7 Moore's Federal Practice ¶ 60.26(2).

An injunction prohibiting a federal project until the filing of an impact statement does not precisely fit the models to which the former bill of review or present Rule 60(b)(5) are generally directed. The order does not expire by its terms. *Cf.* Webb v. United States, 14 F.2d 574 (8th Cir. 1926). So long as the agency declines to file an impact statement, it remains barred from proceeding with the project. Nor does the order *ex proprio vigore* require something to be done, such that the judgment can be satisfied. *Cf.* Ferrell v. Trailmobile, Inc., 223 F.2d 697 (5th Cir. 1955). The defendants were not required to file an impact statement; they were enjoined from dredging New Haven harbor until they had filed one. The situation is akin to those cases where courts, having issued an injunction to protect against unlawful actions, reassess the facts to determine if unlawful actions are still threatened. *Cf.* Milk Wagon Drivers Union v. Meadowmoor Dairies, 312 U.S. 287, 61 S.Ct. 552, 85 L.Ed. 836 (1941). Here, the injunctive remedy is conditional, and defendants seek to have the injunction dissolved because the condition has been satisfied. Plaintiff does not dispute that an impact statement satisfying the requirements of NEPA has been prepared. Thus, unless there is merit to plaintiff's further claim for a modified injunction to prohibit departure from the commitments contained in the impact statement, the original injunction, having been complied with, ought to be dissolved since it is no longer equitable that the judgment should have prospective application.

Ironically, plaintiff, while urging that the burden is heavy upon the party who wishes to modify the terms of an injunction, King-Seeley Thermos Co. v. Aladdin Industries, Inc., 418 F.2d 31 (2d Cir. 1969), is itself seeking modification of the original injunction. Its request raises two issues: whether plaintiff has a right entitled to protection, and whether there has been an adequate showing that the defendants, unless restrained, will engage in conduct alleged to impair plaintiff's right. See United Transportation Union v. State Bar of Michigan, 401 U.S. 576, 91 S.Ct. 1076, 28 L.Ed.2d 339 (1971).

The first issue is not free from doubt. NEPA contains no explicit provision requiring a federal agency to perform every commitment it makes in an environmental impact statement. That does not mean that an agency's failure to honor such commitments can never give rise to a judicially cognizable cause of action. The respondents themselves acknowledged in oral argument that a substantial change in the scope and major aspects of the project would, in effect, constitute a new project, requiring beforehand a new impact statement. The degree of variation from the project as now planned necessary to invoke such a rule remains to be determined. Moreover, agency failure to disclose the results of the studies that the impact statement contemplates might violate other provisions of the Act apart from the provision requiring impact statements. See, *e. g.*, 42 U.S.C. § 4332(2) (F), requiring that information useful in maintaining the quality of the environment be made available. And it may be that a research plan set forth in an impact statement must be carried out to fulfill the statutory obligation of assessing "any adverse environmental effects" of the project. 42 U.S.C. § 4332(2)(C)(ii).

However, decision as to the existence of a legally enforceable right to have the commitments of the impact statement enforced is inappropriate in the absence of any indication that the defendants have threatened not to comply. Injunctions do not issue to avoid "temptation" toward some allegedly wrongful conduct, United Transportation Union v. State of Michigan Bar, *supra*, 401 U.S. at 583, 91 S.Ct. 1076, nor to "soothe the anxieties of the parties." Humble Oil & Refining Co. v. Harang, 262 F.Supp. 39, 42 (E.D.La.1966). Nor should an injunction issue to compel observance of the impact statement simply because an injunction was necessary to compel its preparation. By issuing the injunction to assure compliance with NEPA, this Court did not undertake to supervise the dredging of the New Haven harbor nor the monitoring of whatever environmental damage may ensue. No doubt a court, whose equity jurisdiction has been properly invoked in a NEPA case, may impose additional requirements upon federal agencies to assure compliance with the Act, *cf.* Conservation Society of Southern Vermont, Inc. v. Secretary of Transportation, 362 F.Supp. 627 (D.Vt., 1973) (approval of impact statement conditioned upon subsequent filing of impact statement of broader scope). For example, if there is any indication in this case that the defendants are refusing to inform the plaintiff whether the commitments of the impact statement are being carried out, the equities for an order requiring at least such notification would be strong indeed. But in the absence of any indication that the defendants are threatening to renege on the commitments of the impact statement or to prevent the plaintiff from ascertaining whether the commitments are being carried out, there is no justification for injunctive relief.

Accordingly, the defendants' motion to dissolve the injunction is granted, and the plaintiff's motion to modify the injunction is denied.