**Maggie S. BOZEMAN, Petitioner,**

v.

**Ealon M. LAMBERT; et al.,
Respondents.**

**Julia P. WILDER, Petitioner,**

v.

**Ealon M. LAMBERT; et al.,
Respondents.**

**Civ. A. Nos. 83–H–579–N, 83–H–580–N.**

United States District Court,
M.D. Alabama, N.D.

July 13, 1984.

Vanzetta Penn Durant, Montgomery, Ala., C. Lani Guinier, NAACP Legal Defense & Educational Fund, New York City, for petitioners.

Charles Graddick, Atty. Gen., Jean Williams Brown, Asst. Atty. Gen., Montgomery, Ala., for respondents.

## MEMORANDUM OPINION

HOBBS, District Judge.

These actions are before the Court on respondents' motions for relief from judgment. The issues presented in the two cases are identical. On April 13, 1984, the Court entered judgments in favor of petitioners. On June 11, 1984, respondents moved under Fed.Rule Civ.Proc. 60(b) for relief from these judgments on the ground that petitioners have named the wrong respondents. One of respondents is a parole officer, and the other three are the members of the Alabama Board of Pardons and Paroles. Respondents claim that petitioners should have named the warden of the prison from which they were paroled. Respondents also argue that their motion is not barred by its tardiness because this Court lacked jurisdiction to enter the judgments, and ask the Court to vacate those judgments. The Court will not do so.

As an initial matter, it appears that this Court has jurisdiction to consider these Rule 60(b) motions despite the fact that these cases are currently on appeal. In *Parrott v. Wilson*, 707 F.2d 1262 (11th Cir.), *cert. denied*, — U.S. ——, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983), the court stated, "We have recognized the discretionary power of a district court to consider [a Rule

60(b) ] motion even after an appeal has been noticed." *Id.* at 1266–67 n. 8 (citing *Lairsey v. Advance Abrasives Co.,* 542 F.2d 928, 930 (5th Cir.1976); *Ferrell v. Trailmobile, Inc.,* 223 F.2d 697, 698–99 (5th Cir.1955)).

■ The Court agrees with respondents that a proper respondent is the warden of the prison from which petitioners were paroled. Under 28 U.S.C. § 2242, an application for a writ of habeas corpus "shall allege ... the name of the person who has custody over" the applicant. Under § 2243, "[t]he writ, or order to show cause [why the writ should not be granted] shall be directed to the person having custody of the" applicant. In *Jones v. Cunningham,* 371 U.S. 236, 241–42, 83 S.Ct. 373, 376, 9 L.Ed.2d 285 (1963), the Supreme Court determined the proper custodian by reference to state law. Under Alabama law, a prisoner on parole remains "in the legal custody of the warden of the prison from which he is paroled until the expiration of the maximum term specified in his sentence or until he is fully pardoned." Ala.Code § 15–22–26.

■ The Court nevertheless sees some merit in petitioners' contention that they have named the proper respondents. The Advisory Committee Note to Rule 2 of the rules governing 28 U.S.C. § 2254 proceedings states that, where the applicant is on parole, "[t]he named respondents shall be the particular ... parole officer responsible for supervising the applicant, and the official in charge of the parole ... agency." This procedure is sensible in this case, because the parole board is best situated to provide petitioners with the relief they desire. Neither petitioner is incarcerated, and thus they seek essentially to have their records cleared. Under Alabama law, this appears to be a function of the parole board and not the prison wardens. *See* Ala.Code § 15–22–36(a)–(c). Furthermore, the habeas rules clearly contemplate a more flexible procedure than do respondents. The Note to Rule 2 states that "the judge may require or allow the petitioner to join an additional or different party as a respondent if to do so would serve the ends of justice." Thus, although petitioners technically should have named the warden of the prison from which they were paroled, the Court believes that respondents are proper parties as well.

■ The Court disagrees with respondents' contention that petitioners may not amend their petitions to add the warden as respondent. In *West v. Louisiana,* 478 F.2d 1026 (5th Cir.1973), *aff'd en banc in pertinent part,* 510 F.2d 363 (1975), the court held that "[f]ailure to name a proper respondent is a procedural rather than a jurisdictional defect, and it may be corrected by amendment of the petition." *Id.* at 1029. The court affirmed the district court's grant of habeas relief on the condition that petitioner amend his petition. *Id.* at 1031. Respondents argue that this reasoning was dicta, and that the real basis for the Fifth Circuit's decision was the fact that petitioner proceeded pro se and used a misleading form. *See id.* at 1029–31. The court could rely on these grounds, however, only if the defect was procedural rather than jurisdictional. *See id.* at 1031 ("We are unwilling to disregard a violation of petitioner's constitutional rights solely because he has tripped on a procedural hurdle...."). Excusable neglect would not cure a jurisdictional defect.

■ The Court rejects respondents' argument that it will lack territorial jurisdiction if petitioners amend their petitions. Under 28 U.S.C. § 2241(d), an application for habeas relief should be filed in the district in which the applicant is in custody or in which the applicant was convicted. Petitioners were convicted within the Northern District of Alabama, and respondents argue that petitioners also were in custody there, although it is not clear from the record whether this argument is correct. Section 2241(d) is a venue statute, however, and not a jurisdictional restriction. *United States ex rel. Sero v. Preiser,* 506 F.2d 1115, 1128 (2d Cir.1974), *cert. denied,* 421 U.S. 921, 95 S.Ct. 1587, 43 L.Ed.2d 789 (1975); 17 Wright, Miller & Cooper § 4268, at 697–98 (1978). Respon-

dents clearly have waived any objection to the venue of this action.

Requiring petitioners here to amend their petitions would not only comport with the law of this circuit, it would be the most sensible solution. "There is no point in treating the defect as jurisdictional. Dismissal of the petition would not be on the merits and would not bar a new petition naming the proper respondents." 17 Wright, Miller & Cooper § 4268, at 696 n. 18 (1978). Petitioners "would once more have to labor up the judicial ladder, and the judiciary would once more have to consider [their] case[s]. The result would only be to delay granting the relief to which" they are entitled. *West*, 478 F.2d at 1030. Furthermore, although petitioners here do not proceed pro se, this case is similar to *West* in that the defect here was both understandable and highly technical, as illustrated by the fact that no attorney on either side raised the issue until now. The Advisory Committee Note to Habeas Rule 2 indicates without qualification that respondents are the proper parties. Moreover, said note states that the Attorney General is in the best position to inform the Court as to the proper parties respondent. The Attorney General did not suggest that the named respondents were not the proper parties until after petitioners had largely prevailed on their petitions. On the contrary, in these cases the Attorney General admitted in his answers that the named respondents were the proper parties. The Court is also impressed that the named respondents are more likely than the warden to be able to provide the relief petitioners seek. Thus, the Court will deny respondents' motions on the condition that petitioners amend their petitions to add the appropriate warden as a party respondent.