**SIERRA CLUB et al., Plaintiffs,**

v.

**UNITED STATES ARMY CORPS OF ENGINEERS et al., Defendants.**

**No. 81 Civ. 3000.**

United States District Court,
S.D. New York.

March 29, 1985.

Butzel & Kass, New York City, for plaintiffs; Mitchell S. Bernard, Jean M. McCarroll, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., Southern District of New York, New York City, for U.S. Army Corps of Engineers and Federal Highway Admin.; Howard Wilson, Marc H. Rosenbaum, Randy Mastro, New York City, of counsel.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for State of New York, Department of Transportation; Paul J. Curran, Bruce Margolius, New York City, of counsel.

THOMAS P. GRIESA, District Judge.

Defendant New York State Department of Transportation filed a motion on March 11, 1985 under Fed.R.Civ.P. 60(b)(5) for an order declaring the injunctions in this case dissolved. The State takes the position that all conditions of the injunctions have been fully satisfied, and that they are by their own terms now dissolved. The principal injunctions referred to are those of April 14, 1982 and July 23, 1982, which enjoined (with exceptions not here relevant) further federal funding and further activities by the State in regard to the Westway project, and ordered that the matter be remanded to the Corps of Engineers and the Federal Highway Administration. The injunctions contained certain detailed directions for the remands. The basic terms of the injunctions were affirmed by the Court of Appeals on February 25, 1983, although certain provisions were modified. *Sierra Club v. Corps of Engineers*, 701 F.2d 1011 (2d Cir.1983).

The State asserts that reconsideration by the Corps and the FHWA has taken place; that these agencies have issued a supplemental environmental impact statement, as required by the injunctions; and that the Corps has issued a landfill permit and the FHWA has issued its approval for federal funding. The State takes the position that these facts demonstrate compliance with the injunctions and that they are, by their own terms, automatically dissolved. The State urges that there is no reason for further proceedings before declaring the injunctions terminated.

Plaintiffs take a contrary view. They assert that an automatic dissolution of the injunctions without a hearing would be unwarranted and would violate their rights. They urge that there must be a hearing to determine whether the injunctions have been complied with, and that the present record, without more, does not demonstrate compliance. Plaintiffs argue that there are serious questions, raised by the administrative record itself, about whether the terms of the injunctions have been fulfilled. Plaintiffs' position is that they are entitled to a hearing on these questions.

The State does not deny that plaintiffs are entitled to a hearing or trial on their claims of illegalities in respect to the remand process. However, the State asserts that the actions taken by the agencies on remand are entitled to a presumption of regularity. The State argues that the proceedings with regard to plaintiffs' present allegations should be made in the context of new causes of action directed to seeking a new injunction.

It is my view that plaintiffs are correct on the procedural questions being dealt with here. The injunctions should not be declared automatically dissolved without a hearing. There should be a hearing to determine whether the terms of those injunctions have in fact been complied with. *Environmental Defense Fund v. Hoffman*, 566 F.2d 1060 (8th Cir.1977); *Sierra Club v. Mason*, 365 F.Supp. 47 (D.Conn. 1973); *Environmental Defense Fund v. Corps of Engineers*, 342 F.Supp. 1211 (E.D.Ark.1972).

If it appeared that plaintiffs' allegations of noncompliance with the injunctions were frivolous or were presented for the purpose of delay, it might be another matter. However, plaintiffs are raising substantial issues which must be resolved before it can be determined whether the injunctions have been complied with and should be dissolved.

**1054**

The hearing should be held at the earliest possible time, commensurate with the needs of the parties to develop the evidence.

So ordered.