Douglas WILCOX, et al., Plaintiffs,

v.

PETROLEUM HELICOPTERS, INC., et al., Defendants. (Two Cases)

Civ. A. Nos. G–91–336, G–92–119.

United States District Court, S.D. Texas, Galveston Division.

Jan. 27, 1993.

Ernest H. Cannon, Ernest Cannon & Associates, Houston, TX, for plaintiffs.

Kenneth H. Laborde, Pulaski, Gieger & Laborde, New Orleans, LA, James Lane Ware, McLeod, Alexander, Powel & Apffel, P.C., William L. Maynard, Beirne, Maynard & Parsons, Stephen S. Andrews, Woodard, Hall & Primm, Houston, TX, R.K. Christovich, Christovich & Kearney, New Orleans, LA, Barney L. McCoy, Law Offices of Barney L. McCoy, Houston, TX, for defendants.

## ORDER

KENT, District Judge.

Before the Court is Defendant Petroleum Helicopters, Inc.'s Motion for Relief From Judgment pursuant to Fed.R.Civ.P. 60(b)(5). For the reasons stated below, the Court is of the opinion that the motion should be DENIED.

On December 14, after a trial on the merits, the Court entered an interim judgment in favor of Plaintiff Wilcox in the amount of $850,000.00, plus past medical expenses and taxable costs. On December 23, the Court entered a final judgment for $1,032,115.27, plus interest and taxable costs. Defendant Petroleum Helicopters, Inc. ("Petroleum Helicopters") now moves for relief from this judgment on the ground that, prior to trial, it tendered payment in the amount of $18,725.00 for Plaintiff Wilcox's past medical expenses.

Petroleum Helicopters relies primarily on *Johnson Waste Materials v. Marshall,* 611 F.2d 593 (5th Cir.1980), in which the Fifth Circuit held that, in exceptional circumstances, the mere negligence of a judgment debtor in failing to present evidence of the prior satisfaction of a judgment will not preclude relief from the judgment under Rule 60(b). In the instant case, however, the Court finds no evidence that Petroleum Helicopters' failure to submit evidence as to prior payment of medical costs was due to negligence, mere or otherwise, or that its counsel's performance was anything less than stellar. Indeed, this case was fought with the precision and attention to detail of a military confrontation between two technologically advanced adversaries, as even a short perusal of the procedural history makes clear.

This case was originally filed in Texas state court. It was removed to this Court on September 16, 1991. On October 2, Plaintiffs moved to remand, and on October 15, Petroleum Helicopters moved to transfer the case to Louisiana. Plaintiffs motion to remand was granted on December 5. Thereafter, the case was again removed from state court (and assigned No. G–92–119). Plaintiffs again moved to remand, and their motion was granted on June 1, 1992. Defendants sought a writ of mandamus from the United States Court of Appeals for the Fifth Circuit. The writ was issued, and this case was subsequently reopened. On July 10, the Court denied Petroleum Helicopters' Motion to Transfer. Petroleum Helicopters again sought a writ of mandamus, but the Fifth Circuit declined to issue the writ. Thereafter, Petroleum Helicopters moved to reconsider the Motion to Transfer, and this motion was denied.[1]

Prior to trial, the parties stipulated as to liability, and the case proceeded to trial on damages only against Petroleum Helicopters only, the other Defendants having been dismissed. The trial lasted five days; each side presented evidence and engaged in extensive cross examination of opposing witnesses. Before the case was submitted to the jury, the parties stipulated that Petroleum Helicopters would be responsible for Plaintiffs' past medical expenses, and this issue was not submitted. After the case was submitted to the jury, but before the jury returned a verdict, Petroleum Helicopters settled with Plaintiffs Larry Bennett, Sheila Bennett, and Gege Christine Bennett. Thereafter the jury returned a verdict in the amount of $850,000.00 in favor of Plaintiff Larry Wilcox, a figure substantially lower than the settlement demand. Thereafter the Court entered its interim and final judgments.

Petroleum Helicopters claims that it stipulated before trial that Plaintiff Wilcox's medical expenses totaled $62,137.90 and

---

1. Additionally, all Defendants filed motions to dismiss and/or motions for summary judgment, and the parties engaged in numerous protracted discovery disputes.

that during the week of trial it engaged in numerous settlement discussions with Plaintiffs' counsel, during which Petroleum Helicopters' prior payment was discussed. Plaintiff Wilcox admits the stipulation, but asserts that it was not entered into until after the trial commenced and after Petroleum Helicopters had a full opportunity to review his medical records. Plaintiff denies that any discussions regarding prior payment of medical expenses took place.

The record contains no evidence to support any of these contentions. What the record does indicate is that this war was fought in the hedgerows and the heaths, with bayonets or heavy artillery as the circumstances dictated. The copy of the check submitted by Petroleum Helicopters as evidence that it paid some of Plaintiff Wilcox's medical expenses is dated August 2, 1991, some four months before trial was held. Based on the totality of the record, including but not limited to the procedural history and the Court's observations of the trial, the Court finds it inconceivable that Petroleum Helicopter's failure to submit evidence as to payment of past medical expenses was due to negligence, oversight or neglect. Rather, for reasons of its own, Petroleum Helicopters deliberately chose not to present this evidence at trial.[2]

In the Court's view, an intentional tactical decision to withhold evidence of the prior satisfaction of a judgment disqualifies a party from seeking relief under Rule 60(b)(5). *See United States v. Serafini,* 706 F.Supp. 354, 355–57 (M.D.Pa.1989). The rule's purpose is to provide equity and justice, not to allow a party to withhold evidence it feels may possibly prejudice its position and then seek relief after trial. While *Johnson Waste Materials, supra,* provides that under certain circumstances a party may seek relief from judgment on the ground that the judgment has been previously satisfied even if it did not present such evidence at trial, it does not hold

that a party may intentionally withhold such evidence for tactical reasons and then unveil it only after the jury has gone home and the Court has entered judgment. Indeed, in *Johnson Waste Materials* and the cases cited therein, the Court held that relief was appropriate *"even though proper diligence was not used to secure such evidence for use at the trial." Johnson Waste Materials,* 611 F.2d at 599 (quoting *Ferrell v. Trailmobile, Inc.,* 223 F.2d 697, 698 (5th Cir.1955)) (emphasis added).

In the instant case, the parties received a full and fair trial on the merits. Petroleum Helicopters had knowledge of the existence of evidence that it had already paid Plaintiff Wilcox's medical expenses and had ample opportunity to present such evidence at trial. Petroleum Helicopters intentionally chose not to present such evidence. Now, after a final judgment has been entered, it argues that equity and justice demand that it be allowed to present its evidence now, long after trial. Petroleum Helicopters presents no evidence of negligence, mistake, or lack of diligence other than contested allegations that are wholly unsupported by the record. The time to present the evidence of partial satisfaction was at trial. While the Court agrees that, in certain cases, a party should be granted relief on equitable grounds of neglect even though it has failed to present its evidence at trial, a rule allowing litigants to intentionally withhold such evidence until after a final judgment has been entered has the potential to overburden a judicial system that is already stretched to the breaking point. In many cases, trial courts would, in effect, be required to conduct two trials: the first in front of the jury, and second after the losing party filed a motion for relief from judgment and presented all the unfavorable evidence it chose not to present at trial. In the Court's view, Rule 60 was not enacted for such a purpose.

---

**2.** Although the Court declines to speculate as to motives underlying Petroleum Helicopters' decision, it is arguable that a jury might look unfavorably on the fact that a defendant had already paid a portion of a plaintiff's medical expenses.

The enactment of Fed.R.Evid. 409 indicates Congress's apprehensions, albeit in the context of liability, that juries might make unwarranted inferences from such evidence.

Therefore it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Relief From Judgment pursuant to Fed.R.Civ.P. 60(b)(5) is DENIED.

It is further ORDERED that the parties *file no further pleadings regarding this issue in this Court.* The parties are instructed to seek any further relief to which they feel themselves entitled from the United States Court of Appeals for the Fifth Circuit.

IT IS SO ORDERED.