TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN









NO. 03-05-00179-CV






Evangeline S. Overdeer, Appellant


v.


Travis County, City of Austin, Austin Independent School District

and Austin Community College, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT

NO. GV401703, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N




 Evangeline S. Overdeer appeals the district court's judgment finding that she owed
delinquent taxes plus interest, penalties, and court costs and ordering her property sold. Overdeer
paid a portion of the judgment and entered into an installment agreement with the Travis County Tax
Office in which she promised to pay the remaining costs and fees as well as other delinquent taxes. 
The installment agreement contained the following statement:


A property owner's execution of an installment agreement under this section is an
irrevocable admission of liability for all taxes, penalties, and interest (court costs,
fees, and attorney's fees; if applicable) that are subject to the agreement.



This language is taken from section 33.02(c) of the property tax code. See Tex. Tax Code Ann.
§ 33.02(c) (West 2001). In light of the installment agreement, Travis County has moved this Court
to dismiss the appeal, or in the alternative, affirm the district court's judgment, contending that there
is no longer a case or controversy between the parties. See F.D.I.C. v. Nueces County, 886 S.W.2d
766, 767 (Tex. 1994); Lincoln Property Co. v. Kondos, 110 S.W.3d 712, 715 (Tex. App.--Dallas
2003, no pet.) (events occurring after judgment may render appeal moot). 

 As a general rule, a judgment debtor's voluntary payment and satisfaction of an
adverse judgment moots the controversy, waives the debtor's right to appeal, and requires dismissal
of the case. Miga v. Jensen, 96 S.W.3d 207, 211 (Tex. 2002). This does not mean that any payment,
even a voluntary one, moots the controversy and waives the right to appeal. Id. The supreme court
has held payments made to avoid interest and penalties were not voluntary under the rule and did not
extinguish the controversy. See id.; Highland Church of Christ v. Powell, 640 S.W.2d 235, 237
(Tex. 1982). This Court recently held that a payment of a civil penalty, when attached to a cover
letter indicating the party's intention to appeal, also did not render the appeal moot. See Buddy
Gregg Motor Homes, Inc. v. Motor Vehicle Bd., No. 03-04-00200-CV, 2005 Tex. App. LEXIS 5953,
at *58 (Tex. App.--Austin July 28, 2005, no pet. h.). "[P]ayment made on a judgment will not moot
an appeal of that judgment if the judgment debtor clearly expresses an intent that he intends to
exercise his right of appeal and appellate relief is not futile." Miga, 96 S.W.3d at 212 (citing Ferrell
v. Trailmobile, Inc., 223 F.2d 697, 698 (5th Cir. 1955)). The Fifth Circuit explained this exception
in Ferrell:


There are, of course, circumstances in which that rule is not applicable; e.g. when
such payment is by way of compromise or shows an intention to abide by the
judgment, when the payment is coupled with the acceptance of the benefits under the
judgment, or when compliance with the judgment renders appellate relief futile. 


223 F.2d at 698; see Geneva Towers Tennants Org. v. Federated Mortgage Investors, 504 F.2d 483,
485 (9th Cir. 1974). 

 Here, Overdeer appealed a judgment finding her liable for delinquent property taxes. 
She then paid a portion of the judgment and entered into an agreement with Travis County through
which she would avoid foreclosure and be permitted to pay the remaining fees and costs and other
delinquent taxes in monthly installments. As part of that agreement, Overdeer irrevocably admitted
liability for all taxes, penalties, interest, and costs subject to the agreement. Although Overdeer
contends that she entered into the installment agreement under protest and under duress, she presents
no evidence supporting this claim, and the installment agreement is a compromise which
demonstrates her intent to abide by the judgment. See Ferrell, 223 F.2d at 698. The installment
agreement was coupled with the benefit of avoiding foreclosure, and under the terms of the statute,
the execution of the installment agreement rendered appellate relief futile. See Tex. Tax Code Ann.
33.02(c). "A party should not be allowed to simply change [her] mind about pursuing the case or
mislead [her] opponent into thinking the controversy is over." Miga, 96 S.W.3d at 212. 
Accordingly, we hold that the installment agreement extinguished the case or controversy between
the parties. We dismiss the appeal for want of jurisdiction.



 

 Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed: August 16, 2005