# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00179-CV

**Evangeline S. Overdeer, Appellant**

**v.**

**Travis County, City of Austin, Austin Independent School District
and Austin Community College, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. GV401703, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Evangeline S. Overdeer appeals the district court's judgment finding that she owed delinquent taxes plus interest, penalties, and court costs and ordering her property sold. Overdeer paid a portion of the judgment and entered into an installment agreement with the Travis County Tax Office in which she promised to pay the remaining costs and fees as well as other delinquent taxes. The installment agreement contained the following statement:

> A property owner's execution of an installment agreement under this section is an irrevocable admission of liability for all taxes, penalties, and interest (court costs, fees, and attorney's fees; if applicable) that are subject to the agreement.

This language is taken from section 33.02(c) of the property tax code. *See* Tex. Tax Code Ann. § 33.02(c) (West 2001). In light of the installment agreement, Travis County has moved this Court

to dismiss the appeal, or in the alternative, affirm the district court's judgment, contending that there is no longer a case or controversy between the parties. *See F.D.I.C. v. Nueces County*, 886 S.W.2d 766, 767 (Tex. 1994); *Lincoln Property Co. v. Kondos*, 110 S.W.3d 712, 715 (Tex. App.—Dallas 2003, no pet.) (events occurring after judgment may render appeal moot).

As a general rule, a judgment debtor's voluntary payment and satisfaction of an adverse judgment moots the controversy, waives the debtor's right to appeal, and requires dismissal of the case. *Miga v. Jensen*, 96 S.W.3d 207, 211 (Tex. 2002). This does not mean that any payment, even a voluntary one, moots the controversy and waives the right to appeal. *Id.* The supreme court has held payments made to avoid interest and penalties were not *voluntary* under the rule and did not extinguish the controversy. *See id.*; *Highland Church of Christ v. Powell*, 640 S.W.2d 235, 237 (Tex. 1982). This Court recently held that a payment of a civil penalty, when attached to a cover letter indicating the party's intention to appeal, also did not render the appeal moot. *See Buddy Gregg Motor Homes, Inc. v. Motor Vehicle Bd.*, No. 03-04-00200-CV, 2005 Tex. App. LEXIS 5953, at *58 (Tex. App.—Austin July 28, 2005, no pet. h.). "[P]ayment made on a judgment will not moot an appeal of that judgment if the judgment debtor clearly expresses an intent that he intends to exercise his right of appeal and appellate relief is not futile." *Miga*, 96 S.W.3d at 212 (citing *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697, 698 (5th Cir. 1955)). The Fifth Circuit explained this exception in *Ferrell*:

> There are, of course, circumstances in which that rule is not applicable; e.g. when such payment is by way of compromise or shows an intention to abide by the judgment, when the payment is coupled with the acceptance of the benefits under the judgment, or when compliance with the judgment renders appellate relief futile.

2

223 F.2d at 698; *see Geneva Towers Tennants Org. v. Federated Mortgage Investors*, 504 F.2d 483, 485 (9th Cir. 1974).

Here, Overdeer appealed a judgment finding her liable for delinquent property taxes. She then paid a portion of the judgment and entered into an agreement with Travis County through which she would avoid foreclosure and be permitted to pay the remaining fees and costs and other delinquent taxes in monthly installments. As part of that agreement, Overdeer irrevocably admitted liability for all taxes, penalties, interest, and costs subject to the agreement. Although Overdeer contends that she entered into the installment agreement under protest and under duress, she presents no evidence supporting this claim, and the installment agreement is a compromise which demonstrates her intent to abide by the judgment. *See Ferrell*, 223 F.2d at 698. The installment agreement was coupled with the benefit of avoiding foreclosure, and under the terms of the statute, the execution of the installment agreement rendered appellate relief futile. *See* Tex. Tax Code Ann. 33.02(c). "A party should not be allowed to simply change [her] mind about pursuing the case or mislead [her] opponent into thinking the controversy is over." *Miga*, 96 S.W.3d at 212. Accordingly, we hold that the installment agreement extinguished the case or controversy between the parties. We dismiss the appeal for want of jurisdiction.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed: August 16, 2005

3