KRAVITCH, Circuit Judge,
concurring in part and dissenting in part:
I concur in Part 1 of the majority’s opinion, holding that the district court did not violate the mandate of AG Baker Sterling Heights, LLC v. American MultiCinema, Inc., 508 F.3d 995 (11th Cir.2007) (“Baker I”) by modifying the arbitration award under Federal Rule of Civil Procedure 60(b)(5).
In Part 2, the majority affirms the district court’s application of Federal Rule of Civil Procedure 60(b)(5) to amend the judgment confirming the arbitration award. Because, however, I believe that the Federal Arbitration Act (the “FAA”) does not allow modification of arbitration awards in the manner used by the district court, I respectfully dissent from Part 2 of the majority’s decision.
*1276 It is well-established that judicial review of arbitration awards is “narrowly limited.” Baker I, 508 F.3d at 999 (quoting Rosensweig v. Morgan Stanley & Co., 494 F.3d 1328, 1333 (11th Cir.2007)). An arbitration decision may be reversed only rarely, and “the fact that a court is convinced [the arbitrator] committed serious error does not suffice to overturn his decision.” Major League Baseball Players Ass’n v. Garvey, 532 U.S. 504, 509, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001); see also O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc., 857 F.2d 742, 747 (11th Cir.1988) (holding that allowing relitigation of the merits of a claim would violate the basic purpose of the FAA to create a fast, inexpensive resolution of disputes). The FAA itself provides limited grounds upon which a court may undo an arbitration award. See 9 U.S.C. §§ 10, 11. This court already determined in Baker I that the arbitration award in this case, however, could not lawfully be modified under those provisions. ■
The majority holds that Rule 60(b)(5) may be used to modify a judgment confirming an arbitration award even though the same arbitration award may not be modified under the FAA. Although the Federal Rules apply to court proceedings involving arbitration awards, see Fed. R.Civ.P. 81(a)(6)(B), they apply “only to the extent that matters of procedure are not provided for in those statutes.” O.R. Sec., Inc., 857 F.2d at 745. Because the FAA provides for methods to correct an arbitration award, see 9 U.S.C. §§ 10, 11, the Federal Rules should not be read to provide alternative ways to modify arbitration awards. Furthermore, Rule 60(b) should not be used to circumvent other requirements of the law. Pitchess v. Davis, 421 U.S. 482, 489-90, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975) (holding that Rule 60(b) cannot be used to alter a conviction which was barred from review under habeas rules). It is obvious from the procedural history in this case that Rule 60(b) was used as an end run around the FAA after §§ 10 and 11 were found to be inapplicable. The district court unsuccessfully attempted to modify the award under the FAA, sought advice from the litigants about how to get around the frustration of that attempt, and then relied on Rule 60(b) to do exactly what it had been told was impossible under the FAA. The FAA prevents courts from using Rule 60(b) in this manner to avoid the strict limitations on judicial review set forth in the FAA. See Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338-39 (9th Cir.1986) (holding that FAA modification provisions provide the exclusive means by which an arbitration award may be modified and, therefore, Rule 60(b) may not be used to modify a judgment confirming such an award); Corey v. New York Stock Exch., 691 F.2d 1205, 1212-13 (6th Cir.1982) (finding that “[t]he [FAA] provides the exclusive remedy for challenging an award”). In Hall Street Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008), the Supreme Court recently emphasized the narrow nature of the judicial review permitted under the FAA. The Court held that parties could not contractually agree in an arbitration agreement to expand judicial review of arbitration proceedings. Id. at 1400-01. The Court explained that such arbitration agreement provisions are void because §§ 10 and 11 of the FAA “provide the FAA’s exclusive grounds for expedited vacatur and modification” of arbitration awards. Id. at 1403. The Court further stated that the modification and vacatur provisions should be read as the exclusive means for modifying an arbitration award because “[a]ny other reading opens the door to the full-bore legal and evidentiary appeals that can ‘rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming ju *1277 dicial review process,’ and bring arbitration theory to grief in post-arbitration process.” Id. at 1405 (quoting Kyocera Corp. v. Prudential-Bache Trade Servs., Inc., 341 F.3d 987, 998 (9th Cir.2003)) (alteration in original). Just as the parties may not use contract law to avoid the exclusive nature of the FAA modification provisions, the courts cannot use the Federal Rules of Civil Procedure to re-open arbitrated issues.[1]
American and the majority rely on two cases for the proposition that American’s own failure to uncover the evidence of its payment of the 2002 taxes through due diligence should not prevent the court from using Rule 60(b)(5): Ferrell v. Trailmobile, 223 F.2d 697 (5th Cir.1955) and Johnson Waste Materials v. Marshall, 611 F.2d 593 (5th Cir.1980). These cases show that Rule 60(b) may be used to reform judgments based upon post-judgment-discovered evidence that the judgment had been paid, even if that evidence could have been discovered at the time of trial. Although Ferrell and Johnson Waste would excuse American’s failure to discover the payments before trial, these cases do not involve arbitration awards and therefore do not support the conclusion that Rule 60(b)(5) may be applied to actions confirming arbitration awards.[2]
Because I believe that Rule 60(b) may not be lawfully applied to modify an arbitration award, I would reverse. See Wexler v. Lepore, 385 F.3d 1336, 1338 (11th Cir.2004) (“An error of law constitutes an abuse of discretion.”).
Moreover, it is unclear to me that Rule 60(b)(5) would apply to the facts of this case, even if it were generally applicable to judgments confirming arbitration awards.
First, Rule 60(b) cannot be used to provide post-judgment relief to which that party would not have been entitled in the original judgment. See Bear Valley Mutual Water Co. v. Riddell, 493 F.2d 948, 950 (9th Cir.1974). Here, American was not entitled to modification of the arbitra *1278 tion award based on its tax payment in the enforcement proceedings because it had no right to have the award modified under the FAA. Baker I, 508 F.3d at 1001. It is not, therefore, entitled to seek this relief under Rule 60(b)(5).
Second, this case differs in important ways from Ferrell and Johnson Waste, and, in my opinion, these distinctions render application of Rule 60(b)(5) inappropriate in this case, even if applicable to judgments confirming arbitration awards generally. In Ferrell, the dispute centered around the appellant’s failure to make installment payments on a truck he purchased from the appellee. 223 F.2d at 698. At trial, the appellant asserted that he had made three payments, but the appellee denied it. Id. After judgment was entered against the appellant, he was able to obtain copies of the money orders showing that he had in fact made the payments. Id. This court held that, in light of such “practically conclusive evidence” that the payments had been made, “the judgment should be set aside to prevent a manifest miscarriage of justice.” Id. In Johnson Waste, this court built upon Ferrell and concluded that a judgment may be reformed based upon evidence that a portion of the obligation from which the judgment arose had been paid, even if the payor could have discovered that evidence at trial through the exercise of due diligence. 611 F.2d at 595. This court noted that this holding was appropriate in “the exceptional circumstance where the evidence of payment is virtually conclusive.” Both Ferrell and Johnson Waste involved “practically conclusive evidence” that the judgments rendered by the district court had actually been satisfied by payments made by the losing party to the judgment-holding party prior to trial. Here, however, the evidence is not “practically conclusive” that the judgment was satisfied. First, the amount of American’s previously-undiscovered payment to the taxing authority does not match the amount that the arbitrators determined American was obliged to pay for 2002 for the Kansas property. The arbitration decision states that American was liable for $226,770 whereas the evidence produced by American indicates that American paid the tax authority $248,624.57. This unexplained difference in liability calls into question the reliability of American’s evidence. Accordingly, it was improper for the district court to offset the arbitration award by the full amount of American’s payment to the county when it was greater than the amount of liability for that period found by the arbitration panel. Second, the payments made by American were not made to the party to whom it is obligated to pay the judgment. Thus, the court had to reopen questions resolved in the arbitration proceedings in order to determine whether the payment satisfied the obligation upon which the award was based.
The fact that American’s evidence is not “practically conclusive” is crucial to the availability of relief under Rule 60(b). See Ferrell, 223 F.2d at 698; see also Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir.1989) (refusing to allow relief under Rule 60(b)(3) where the evidence presented was “a mixed bag” rather than the requisite “clear and convincing evidence,” and noting that granting relief on such questionable evidence would allow relitigation of the merits on a 60(b) motion); Niedland v. United States, 338 F.2d 254, 260 (3d Cir.1964) (refusing to apply Ferrell where the post-judgment evidence merely raised doubts — albeit “grave doubts” — as to the correctness of the judgment rather than offering conclusive proof that the judgment had been satisfied). Thus, even if I agreed that Rule 60(b)(5) could be applied to judgments confirming arbitration awards, I would limit such relief to cases involving uncontroverted, “practically conclusive” evidence that payments *1279 were made to the party that secured the judgment. Those circumstances are not present here.
For the foregoing reasons, I respectfully dissent from Part 2.

. American cites to language from Hall Street stating that §§10 and 11 do not exclude review “based on authority outside the statute,” 128 S.Ct. at 1406, in support of its argument that the Federal Rules may be used to modify judgments. The above language in Hall Street, however, was followed with the statement that “[t]he FAA is not the only way into court for parties wanting review of arbitration awards: they may contemplate enforcement under state statutory or common law ....” Id. The Court then discussed cases involving enforcement of arbitration awards through statutes other than the FAA. Thus, I read the above language to refer only to alternatives for enforcing an arbitration award, and not to suggest that parties enforcing an award under the FAA may replace certain provisions of the FAA with other legal authorities. Here, Baker sought enforcement through the FAA, and American has never contested the applicability of the FAA.

. Ferrell and Johnson Waste demonstrate that Rule 60(b) should be used to avoid an inequitable result. Courts, however, frequently allow inequitable or erroneous arbitration decisions to stand in order to effectuate the national policy favoring quick resolution of disputes through binding arbitration. See e.g., Hall Street, 128 S.Ct. at 1409 (upholding an arbitration decision despite the presence of what the dissent called "a rather glaring error of law”). Furthermore, I do not agree with the majority that the equities so onesidedly favor American. American was the one who failed to review its own accounting records and discover the paid taxes. And American stipulated before the arbitration panel that it had paid $0 taxes on the property in question for 2002. Although Ferrell and Johnson Waste might excuse this lack of diligence, I still believe that American's fault in this case weighs against the use of Rule 60(b)(5) here. Also, there is an equitable interest in respecting the finality of the arbitrator's decision. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) (Rehnquist, J. dissenting) ("[A] very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.”).