[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15175
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2010
JOHN LEY
CLERK

D.C. Docket No. 06-22748-CV-UU

SYLVIA BAPTE, Individually and as personal representative
of the Estate of Christiane Bapte, deceased,
STEPHANIE ISABELLE BAPTE,
MARYVONNE BAPTE,

Plaintiffs-Appellants,

versus

WEST CARIBBEAN AIRWAYS, a Colombian corporation,
NEWVAC CORPORATION, a Florida corporation,
GO 2 GALAXY, INC., a Florida corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 25, 2010)

Before TJOFLAT, WILSON and COX, Circuit Judges.

PER CURIAM:

In August 2005, while en route from Panama to Martinique, West Caribbean Airlines, S.A. Flight 708 crashed in Venezuela, killing all passengers and crew on board. Representatives of the passengers filed several lawsuits, which were consolidated in the United States District Court for the Southern District of Florida. They asserted wrongful death and strict liability claims against Defendants West Caribean Airlines, Newvac Corporation, Go 2 Galaxy, Inc., and Jacque Cimieter pursuant to 28 U.S.C. § 1369. In addition, representatives of the crew members brought products liability lawsuits against manufacturers of the airplane and negligence suits against Newvac in the same district court. The crew cases were consolidated with one another, but were not consolidated with the passenger cases.

In November 2007, the district court dismissed the passenger cases on *forum non conveniens* grounds, and the passengers' representatives appealed. We affirmed the district court's order dismissing the cases in *Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052 (11th Cir. 2009). In May 2009, while the appeal of the dismissal was still pending, the district court denied a motion to dismiss the crew cases on *forum non conveniens* grounds. Believing that the denial of the motion to dismiss the crew cases changed the circumstances surrounding the prior dismissal of the passenger cases, the representatives of the passengers filed a motion for relief from judgment with the district court. *See* Fed. R. Civ. P. 60(b).

The district court issued an order on the Rule 60(b) motion while the appeal of its dismissal of the passenger cases was still pending. It held that due to the pendency of the appeal, it lacked jurisdiction to rule on the motion for relief from judgment. (R.19-251 at 1.) Even so, the court addressed the merits of the motion and wrote "to advise the parties and the Eleventh Circuit Court of Appeals that if this Court had jurisdiction, it would deny the Motion." (*Id.*) The court explained that "[t]he Motion is based on no just or equitable reason which warrants relief" (*id.* at 2), and its order denying the motion to dismiss the crew cases on *forum non conveniens* grounds did not mean that the continued application of its order dismissing the passenger cases was no longer equitable. (*Id.* at 4.)

After review of the record, we conclude that the district court erred in holding it lacked jurisdiction to consider the motion. We have held that a district court retains jurisdiction to consider a Rule 60(b) motion for relief from judgment even after an appeal of the judgment from which relief is sought has been noticed. *See Parrott v. Wilson*, 707 F.2d 1262, 1266-67 n.8 (11th Cir. 1983) (citing *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976); *Ferell v. Trailmobile, Inc.*, 223 F.2d 697, 698-99 (5th Cir. 1955)). Nevertheless, because the motion does not assert adequate grounds for relief from judgment, we conclude that the erroneous jurisdictional ruling was harmless, and we affirm the denial of relief.

The passengers' representatives argue that the denial of the motion to dismiss the crew cases created an automatic right, under 28 U.S.C. § 1369, for the passengers to intervene in the crew cases. They argue that the denial established the Southern District of Florida as the appropriate forum for resolving any claim arising out of the crash of Flight 708 and constituted changed circumstances justifying relief under Rule 60(b)(5) and/or (6). We agree, however, with the district court's well-reasoned analysis on page four of its order explaining that 28 U.S.C. § 1369 merely provides the court with jurisdiction over all claims arising out of the disaster and that it exercised that jurisdiction when it applied the doctrine of *forum non conveniens* to dismiss the passenger cases. (R.19-251 at 4.) We agree that its denial of a motion to dismiss the crew cases on *forum non conveniens* grounds did not make continued application of its dismissal of the passenger cases inequitable. (*Id.*)

The district court had jurisdiction to consider the Rule 60(b) motion, but the motion did not assert appropriate grounds for relief from judgment. Therefore, we vacate denial of the motion for want of jurisdiction, and amend the order to deny the motion on the merits. We affirm the order as amended.

ORDER AMENDED AND AFFIRMED.

4