[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2009
THOMAS K. KAHN
CLERK

No. 08-14600

_____

D. C. Docket Nos. 03-01930-CV-BE-S,
03-02901-CV-BE-S


AIG BAKER STERLING HEIGHTS, LLC,
A.B. OLATHE II LIMITED PARTNERSHIP,

Plaintiffs-Counter-
Defendants-Appellants,

versus

AMERICAN MULTI-CINEMA, INC.,

Defendant-Counter-
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 18, 2009)

Before DUBINA, Chief Judge, EDMONDSON and KRAVITCH, Circuit Judges.

EDMONDSON, Circuit Judge:

This appeal is about a district court's power to grant some relief from its judgment.

Several years ago American Multi-Cinema, Inc. (American) arbitrated a tax dispute with AIG Baker Sterling Heights, LLC and A.B. Olathe II LP (collectively, Baker), from whom American leased space in shopping centers. The arbitration panel concluded that American owed Baker under the terms of their lease agreements almost a million dollars to cover a portion of the taxes on those properties. But after the panel issued the award, American learned that it had already paid some of the taxes directly to the taxing authority. Then, in the district court, American, claiming a mistake in the award, sought modification of it to reflect the tax actually already paid. The district court accepted American's argument and revised the award, but this Court reversed on appeal in AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc., 508 F.3d 995 (11th Cir. 2007) (Baker I).

On remand, the district court, per Baker I, entered a judgment confirming entirely the arbitration award. But the case did not stop there: the district court later granted American some relief -- under Fed. R. Civ. P. 60(b)(5) -- from the

judgment to account for the taxes American had paid to the taxing authority.[1] Baker appeals this latter decision. Baker says that the district court violated the mandate in Baker I and went beyond the exclusive grounds for modifying an arbitration award under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16. Seeing no error, we affirm the district court order.

## Background

American leased space from Baker in shopping centers located in Michigan and Kansas. The lease agreements required American to pay to Baker money to cover some of the taxes on those properties, and Baker was to pay the taxing authority all money due. A dispute arose over the amount of money that American owed Baker. The parties agreed to arbitrate the dispute in Kansas City, Missouri, and the arbitration panel awarded $866,425.18 to Baker.

A portion of the award -- $226,771.76 -- represents money American owed Baker for taxes on the Kansas property in 2002. Ownership of the Kansas property changed in the middle of 2002, and the new landlord that replaced Baker then asked American to pay tax money that American owed Baker for the first half of

---

[1]We include the pertinent orders in an appendix to our opinion.

3

2002 directly to the taxing authority. American made the payment but has since realized that it should have paid Baker and that Baker should have paid the taxing authority. At the time of the arbitration, American, however, presented none of this "taxes-paid" information; instead, American stipulated that it paid to Baker no money for taxes on the Kansas property in 2002.

After arbitration, Baker filed an action in the Northern District of Alabama to confirm the arbitration award. American filed an answer and counterclaim in the Alabama district court and filed a separate action in the Western District of Missouri to modify the arbitration award to reflect the taxes American had paid to the taxing authority. The Missouri district court transferred its action to the Alabama district court, which consolidated the two cases. The Alabama district court then granted American's motion for modification of the arbitration award on the basis of an "evident material mistake" and reduced the award to account for the tax payment. Baker appealed.

This Court reversed on appeal in Baker I. We said, among other things, that American's failure to identify the taxes it paid to the taxing authority in the facts stipulated at arbitration was no "evident material mistake" within the meaning of the FAA. Baker I, 508 F.3d at 999-1000. We, therefore, concluded that the district

4

court erred in modifying the arbitration award and remanded the case for further proceedings.  Id. at 1003.

On remand, the district court held a status conference.  The district court informed the parties that it wanted to credit American for the actual payment to the taxing authority and asked the parties to brief how the district court could legitimately accomplish that goal.  In response, American suggested that the district court take two steps: first, enter a judgment confirming the arbitration award; and, second, grant American relief from the judgment under Rule 60(b)(5) on the ground that the earlier tax payment had satisfied some of the judgment.  The district court adopted this approach over Baker's objections.  Baker now appeals the decision to grant American some relief from the district court's judgment.

Standard of Review

We review the grant of relief under Rule 60(b) for an abuse of discretion. High v. Zant, 916 F.2d 1507, 1509 (11th Cir. 1990).  We review legal conclusions *de novo* and factual findings for clear error.  Young v. New Process Steel, LP, 419 F.3d 1201, 1203 (11th Cir. 2005); Reynolds v. McInnes, 338 F.3d 1221, 1226 (11th Cir. 2003).

Discussion

Baker claims that the district court abused its discretion in several ways by granting American relief from the judgment in this case. But we see only two that deserve much attention. First, Baker contends that the district court ignored the law of the case and the mandate established by <u>Baker I</u>. Second, Baker asserts that the district court violated the FAA by modifying the arbitration award for a reason not authorized by that statute.

1.    <u>The Law of the Case Doctrine & the Mandate Rule</u>

The law of the case doctrine and the mandate rule ban courts from revisiting matters decided expressly or by necessary implication in an earlier appeal of the same case. <u>Barber v. Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, & Helpers, Dist. Lodge No. 57</u>, 841 F.2d 1067, 1070–73 (11th Cir. 1988). But neither principle applies "when the issue in question was outside the scope of the prior appeal." <u>Transamerica Leasing, Inc. v. Inst. of London Underwriters</u>, 430 F.3d 1326, 1332 (11th Cir. 2005); <u>see also</u> <u>Barber</u>, 841 F.2d at 1070 ("The lower

court may consider anew issues not within [the mandate's] compass.") (internal quotation marks omitted). Here, Baker claims that the district court violated both principles on remand. We disagree.

In Baker I, we spoke in pertinent part about the power of courts to correct an "evident material mistake" in an arbitration award. Baker I, 508 F.3d at 999–1001. We said that the FAA "embraces only an evident material mistake that appears in a description in the award," and noted that a mistake occurs when an arbitrator understands "wrongly" or identifies "incorrectly." Id. at 999. We, however, saw no "evident material mistake" in the award before us because American sought modification of the award to remedy its *own* failure to inform the panel of the payment to the taxing authority. Id. at 999–1000. We vacated the modified award and sent the case back to the district court. Id. at 1003.

On remand, the district court entered a judgment entirely confirming the award. Then the district court granted American relief from the district court's judgment (not the award) to reflect the earlier payment to the taxing authority. Baker argues that this latter decision violated the law of the case and the mandate from the earlier appeal. But as we have pointed out, we discussed in Baker I only modification of the award; we decided nothing expressly or by necessary implication about the district court's power to grant American relief from a district

7

court judgment or to consider evidence of the payment to the taxing authority. Baker I, therefore, has no decisive role to play here.[2] The district court did not violate the law of the case doctrine or the mandate rule on remand.

2.    The FAA

The FAA severely limits judicial vacatur and modification of an arbitration award.  As the Supreme Court recently confirmed, sections 10 and 11 of the FAA offer the exclusive grounds for expedited vacatur or modification of an award under the statute.  Hall Street Assocs. v. Mattel, Inc., 128 S. Ct. 1396, 1403 (2008). Baker claims that the district court ignored this restriction when it -- for reasons not listed in sections 10 or 11 -- gave American credit against the district court's judgment for the payment to the taxing authority.  We do not see, though, how those FAA sections control in the circumstances of this appeal: the district court neither vacated nor modified the arbitration award.  Instead, the district court entered a judgment confirming the award and about two months after that granted

---

[2]We stress that the final order and judgment before us in Baker I is materially different from the final order and judgment before us today.

8

American some relief from the judgment under Rule 60(b)(5).[3]  Sections 10 and 11 say nothing about court judgments and do not control this appeal.

We instead turn our attention to section 13 of the FAA.  That provision says that a judgment confirming an arbitration award, once entered, has the same force and effect as a judgment in a standard civil action and *is subject to all the provisions of law relating to those judgments*.  9 U.S.C. § 13; see also Parsons & Whittemore Ala. Mach. & Servs. Corp. v. Yeargin Constr. Co., 744 F.2d 1482, 1484 (11th Cir. 1984).  The provisions of law include Rule 60(b).[4]  See, e.g., Fid. Fed. Bank, FSB v. Durga Ma Corp., 387 F.3d 1021, 1023–24 (9th Cir. 2004) (stating that "judgment confirming an arbitration award is treated similarly to any other federal judgment" and concluding that district court did not abuse its discretion when it corrected judgment confirming arbitration award under Rule

---

[3]Nor did the district court, as Baker contends, revisit the merits of a matter decided at arbitration.  The panel addressed three specific questions: (1) How much money must American pay Baker for taxes under the terms of their lease agreements? (2) How much money has American already paid Baker for taxes under the terms of their lease agreements? and (3) How much money does American, therefore, owe Baker for taxes under the terms of their lease agreements?  The district court in no way disturbed the panel's answers to those questions; the district court focused solely on the taxes American had paid to the taxing authority -- not to Baker -- and how the money paid for the taxes satisfied some of the tax money obligation the panel concluded that American owed Baker under the terms of their lease agreements.

[4]Fed. R. Civ. P. 81(a)(6)(B) says that the Federal Rules of Civil Procedure apply in actions related to arbitration "to the extent applicable" and except as otherwise provided for in the FAA.  We accept that this language may mean that courts cannot use Rule 60(b) to modify or vacate an arbitration award or, perhaps, to grant relief from a judgment confirming an award for reasons covered in sections 10 or 11 of the FAA.  This appeal is different, however; it is about partial payment of a judgment debt.

60(b)); Baltia Air Lines, Inc. v. Transaction Mgmt., Inc., 98 F.3d 640, 642 (D.C. Cir. 1996) (stating that "Rule 60(b) is an appropriate vehicle by which to challenge a judgment confirming an arbitration award"); Clarendon Nat'l Ins. Co. v. TIG Reinsurance Co., 183 F.R.D. 112, 117 (S.D.N.Y. 1998) (section 13 of FAA provides that judgments confirming arbitration awards are subject to Rule 60(b)).

Under Rule 60(b), a court may relieve a party from a judgment if "the judgment has been satisfied, released, or discharged . . . ." Fed. R. Civ. P. 60(b)(5). This authority encompasses the power to declare a judgment satisfied "when damages are paid before trial or a tortfeasor or obligor has paid the judgment debt." Gibbs v. Maxwell House, A Div. of Gen. Foods Corp., 738 F.2d 1153, 1155 (11th Cir. 1984).

Two old cases involving Rule 60(b) seem particularly pertinent here. In Ferrell v. Trailmobile, Inc., 223 F.2d 697 (5th Cir. 1955), a defendant allegedly failed to pay one of eighteen installments on a truck trailer. Id. at 698. Although the defendant claimed that he had made the payment, the district court entered a judgment in favor of the plaintiff. Id. The defendant later secured copies of documents that conclusively proved that he made the disputed payment; so, he moved the district court for relief from the judgment under Rule 60(b). Id. The district court denied the request. Id. This Court reversed on appeal and said "[i]f,

10

in fact, practically conclusive evidence shows that the [defendant] had actually paid all eighteen installments for the purchase of the trailer, it is obvious that the judgment should be set aside to prevent a manifest miscarriage of justice." Id. We remanded the case for a hearing on the Rule 60(b) motion. Id. at 699.

This Court later reached a similar result in Johnson Waste Materials v. Marshall, 611 F.2d 593 (5th Cir. 1980). In Marshall, the government sued several defendants for violating the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–19. Id. at 595. At trial, the government introduced employee-testimony on the number of hours worked and the wages paid; the defendants offered no documentary evidence to rebut the testimony and were found liable. Id. at 595–96. More than a year later, the defendants moved to set aside or reform the judgment under Rule 60(b) after locating cancelled payroll checks and other evidence that established that the plaintiffs were due less than awarded to them at trial. Id. at 596. The district court concluded, however, that the evidence was neither newly discovered nor secured through due diligence and denied the defendants any relief. Id. at 597.

We reversed on appeal. Id. at 601. We said that the defendants, to receive relief from the judgment under Rule 60(b)(5), were not obligated to produce newly discovered evidence or to demonstrate due diligence in securing that evidence. Id.

11

at 599.  Instead, we said that the defendants needed only to produce conclusive evidence that they partially satisfied the judgment.  Id. at 599–600.  To rule otherwise, we stressed, would effectively grant the plaintiffs a windfall: "Reducing the judgment . . . by the amount that defendants have already paid will not deprive the employees of the wages that they properly earned.  When defendants pay the remainder of the judgment, the employees will have received the full amount to which the trial court determined they were entitled.  *They will only be denied a windfall recovery*."  Id. at 600–01 (emphasis added).

The district court found the reasoning in Ferrell and Marshall applicable here.  The district court stated that American presented "unrefuted evidence" of the payment to the taxing authority, including copies of the pertinent checks and affidavits showing that Baker paid no portion of the pertinent taxes.[5]  Based on that evidence, the district court concluded that American had already satisfied some of the judgment against it and, therefore, was entitled to some relief under Rule 60(b)(5).  The district court declared that its decision avoided Baker's "knowing

_____

[5]American submitted to the district court copies of the cancelled checks that American sent to the taxing authority and the payment receipts from the taxing authority.  American also submitted affidavits that said that American paid the 2002 taxes directly to the taxing authority, Baker paid no portion of the 2002 taxes to the taxing authority, and Baker owes no taxes to the taxing authority for 2002.  Baker introduced nothing to rebut this evidence.

12

receipt of a quarter-of-a-million dollar windfall." We see no abuse of discretion in this decision.

We begin with Ferrell and Marshall. We accept that those decisions do not fit perfectly here: they involved judgments entered after civil trials and not after arbitration. But section 13 of the FAA provides that a judgment which has confirmed an award is to be treated no better or worse than any other civil judgment: "The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. So, the district court did not err by extending our precedents dealing with judgments in civil actions to the case before it.

Considering the law, we turn to the facts found by the district court in this case. Like the defendants in Ferrell and Marshall, American submitted conclusive evidence to the district court that American paid the taxes on the Kansas property directly to the taxing authority and thereby had satisfied some of the judgment against American.[6] Baker, although given every opportunity to do so, never

---

[6]Baker asserts that the district court erred in finding that American partially satisfied the judgment. Baker says that the many years between the payment to the taxing authority and the entry of judgment, as well as that Baker did not physically receive the payment, precludes the payment from satisfying the judgment. But Baker cites no authority for this position, and we are not persuaded by it. See Torres-Troche v. Municipality of Yauco, 873 F.2d 499, 501 n.7 (1st Cir. 1989) ("Rule 60(b)(5) should serve as the basis for a motion to correct, regardless of the time at which a judgment is satisfied. The Rule should not be interpreted so strictly that it

13

contradicted the evidence of payment or denied that the tax payment satisfied the obligation Baker would have otherwise had to pay to the taxing authority. Baker directly benefitted concretely from American's payment to the taxing authority. In the light of the facts as well as the precedents, we cannot say that the district court abused its discretion by granting American some relief from the judgment under Rule 60(b)(5).

## Conclusion

We affirm the order of the district court.

AFFIRMED.

---

forecloses a litigant from alerting a court to the prior satisfaction of a final judgment.").

Nor did the district court give American credit for an amount greater than the $226,771.76 the arbitration panel concluded that American owed Baker for the 2002 taxes. The amended final order explicitly states that the district court granted American "partial relief from [the] judgment in the amount of $326,197.52, *representing $226,771.76 in taxes previously paid to the taxing authority* plus $99,425.76 in prejudgment interest on that amount . . . ." (emphasis added).

14

# **APPENDIX**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| AIG BAKER STERLING HEIGHTS, LLC, A. B. OLATHE II LIMITED PARTNERSHIP, | ] ] ] ] | |
| Plaintiffs, | ] | |
| v. | ] | ]CONSOLIDATED LEAD CASE: CV-03-BE-1930-S ]MEMBER CASE: CV-03-BE-2901-S |
| AMERICAN MULTI-CINEMA, INC. | ] ] ] | |
| Defendant. | ] | |

## FINAL ORDER

This case is before the court on remand from the Eleventh Circuit Court of Appeals. *See AIG Baker Sterling Heights, L.L.C. v. American Multi-Cinema, Inc.*, 508 F.3d 995 (11th Cir. 2007). For the reasons stated in the memorandum opinion entered contemporaneously, the court CONFIRMS the arbitrators' award of $866,425.18, and ENTERS JUDGMENT in favor of Plaintiff AIG Baker Sterling Heights, LLC in the amount of $1,151,523.31 ($866,425.18 plus $285,098.13 in prejudgment interest, consistent with the Plaintiff's calculation in doc. 49). AMC has already paid $539,375.75, with a balance of $612,147.56 remaining to be paid on the judgment. This judgment shall not be duplicative of the arbitration award itself, and Plaintiff may not seek to recover double this amount by enforcing both the arbitration award and this judgment.

This case is hereby DISMISSED WITH PREJUDICE,[1] costs taxed as paid.

---

[1] As noted previously, this court did not decide AMC's counterclaims for

DONE and ORDERED this 1st day of May, 2008.

_Karon O. Bowdre_
_ KARON OWEN BOWDRE UNITED
STATES DISTRICT JUDGE

---

CAM fee offsets on the merits, *see* doc. 31; therefore, that part of the court's
decision is without prejudice.

FILEC

2008 Jul-18 AN
08:48 U.S. DISTRIC
COURT N.D. OI
ALABAM/

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| AIG BAKER STERLING HEIGHTS, LLC, A. B. OLATHE II LIMITED PARTNERSHIP, | ] ] ] ] | |
| Plaintiffs, | ] | |
| | | ]CONSOLIDATED |
| v. | ] | LEAD CASE:  CV-03-BE-1930-S |
| | | ]MEMBER CASE: CV-03-BE-2901-S |
| AMERICAN MULTI-CINEMA, INC. | ] ] ] | |
| Defendant. | ] | |

## AMENDED FINAL ORDER

For the reasons stated in the memorandum opinion entered contemporaneously, the court hereby GRANTS "Defendant American Multi-Cinema's Motion for Partial Relief For Judgment Pursuant to Rule 60(b)(5)" (doc. 59) and Plaintiffs' "Motion to Amend or Modify Final Order" (doc. 61). Accordingly, the court amends and restates its judgment of May 1, 2008 as follows:

This case is before the court on remand from the Eleventh Circuit Court of Appeals. *See AIG Baker Sterling Heights, L.L.C. v. American Multi-Cinema, Inc.*, 508 F.3d 995 (11th Cir. 2007). For the reasons stated in the memorandum opinion entered on May 1, 2008, the court CONFIRMS the arbitrators' award of $866,425.18, and ENTERS JUDGMENT in favor of Plaintiffs AIG Baker Sterling Heights, L.L.C. and A. B. Olathe II Limited Partnership, jointly, in the amount of $1,151,523.31 ($866,425.18 plus $285,098.13 in prejudgment interest, consistent with the Plaintiffs' calculation in doc. 49).

Pursuant to Rule 60(b)(5), the court grants Defendant American Mutli-Cinema, Inc.

("AMC") partial relief from this court's judgment in the amount of $326,197.52, representing

$226,771.76 in taxes previously paid to the taxing authority plus $99,425.76 in prejudgment interest on that amount, with a net balance of $825,325.79 due directly to Plaintiffs. AMC has already paid Plaintiffs $539,375.75, and deposited with the court $285,950.44, which the Clerk of Court disbursed to Plaintiffs' counsel on June 16, 2008. Therefore, nothing remains to be paid on the judgment.[1] This judgment shall not be duplicative of the arbitration award itself, and Plaintiffs may not seek to recover double this amount by enforcing both the arbitration award and this judgment.[2]

The costs incurred in this proceeding are taxed as paid.

DONE and ORDERED this 17th day of July, 2008.

_KARON OWEN BOWDRE UNITED
STATES DISTRICT JUDGE

---

[1]

AMC deposited forty cents too much with the court, but did not oppose Plaintiffs' withdrawal of the forty-cent overage. *See* doc. 69.

[2]

This court previously dismissed AMC's counterclaims for CAM fees without prejudice. *See* doc. 31.

-2

KRAVITCH, J., concurring in part and dissenting in part:

I concur in Part 1 of the majority's opinion, holding that the district court did not violate the mandate of AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc., 508 F.3d 995 (11th Cir. 2007) ("Baker I") by modifying the arbitration award under Federal Rule of Civil Procedure 60(b)(5).

In Part 2, the majority affirms the district court's application of Federal Rule of Civil Procedure 60(b)(5) to amend the judgment confirming the arbitration award. Because, however, I believe that the Federal Arbitration Act (the "FAA") does not allow modification of arbitration awards in the manner used by the district court, I respectfully dissent from Part 2 of the majority's decision.

It is well-established that judicial review of arbitration awards is "narrowly limited." Baker I, 508 F.3d at 999 (quoting Rosensweig v. Morgan Stanley & Co., 494 F.3d 1328, 1333 (11th Cir. 2007)). An arbitration decision may be reversed only rarely, and "the fact that a court is convinced [the arbitrator] committed serious error does not suffice to overturn his decision." Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001); see also O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc., 857 F.2d 742, 747 (11th Cir. 1988) (holding that allowing relitigation of the merits of a claim would violate the basic purpose of the FAA to create a fast, inexpensive resolution of disputes). The FAA itself provides

16

limited grounds upon which a court may undo an arbitration award.  See 9 U.S.C. §§ 10, 11.  This court already determined in Baker I that the arbitration award in this case, however, could not lawfully be modified under those provisions.

The majority holds that Rule 60(b)(5) may be used to modify a judgment confirming an arbitration award even though the same arbitration award may not be modified under the FAA.  Although the Federal Rules apply to court proceedings involving arbitration awards, see Fed. R. Civ. P. 81(a)(6)(B), they apply "only to the extent that matters of procedure are not provided for in those statutes."  O.R. Sec., Inc., 857 F.2d at 745.  Because the FAA provides for methods to correct an arbitration award, see 9 U.S.C. §§ 10, 11, the Federal Rules should not be read to provide alternative ways to modify arbitration awards.  Furthermore, Rule 60(b) should not be used to circumvent other requirements of the law. Pitchess v. Davis, 421 U.S. 482, 489-90 (1975) (holding that Rule 60(b) cannot be used to alter a conviction which was barred from review under habeas rules).  It is obvious from the procedural history in this case that Rule 60(b) was used as an end run around the FAA after §§ 10 and 11 were found to be inapplicable.  The district court unsuccessfully attempted to modify the award under the FAA, sought advice from the litigants about how to get around the frustration of that attempt, and then relied on Rule 60(b) to do exactly what it had been told was impossible under the

17

FAA. The FAA prevents courts from using Rule 60(b) in this manner to avoid the strict limitations on judicial review set forth in the FAA. See Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsom Corp., 791 F.2d 1334, 1338-39 (9th Cir. 1986) (holding that FAA modification provisions provide the exclusive means by which an arbitration award may be modified and, therefore, Rule 60(b) may not be used to modify a judgment confirming such an award); Corey v. New York Stock Exch., 691 F.2d 1205, 1212-13 (6th Cir. 1982) (finding that "[t]he [FAA] provides the exclusive remedy for challenging an award"). In Hall Street Assocs., LLC v. Mattel, Inc., 128 S.Ct. 1396 (2008), the Supreme Court recently emphasized the narrow nature of the judicial review permitted under the FAA. The Court held that parties could not contractually agree in an arbitration agreement to expand judicial review of arbitration proceedings. Id. at 1400-01. The Court explained that such arbitration agreement provisions are void because §§ 10 and 11 of the FAA "provide the FAA's exclusive grounds for expedited vacatur and modification" of arbitration awards. Id. at 1403. The Court further stated that the modification and vacatur provisions should be read as the exclusive means for modifying an arbitration award because "[a]ny other reading opens the door to the full-bore legal and evidentiary appeals that can 'rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process,' and bring

18

arbitration theory to grief in post-arbitration process." Id. at 1405 (quoting

Kyocera Corp. v. Prudential-Bache Trade Servs, Inc., 341 F.3d 987, 998 (9th Cir.

2003)) (alteration in original).  Just as the parties may not use contract law to avoid

the exclusive nature of the FAA modification provisions, the courts cannot use the

Federal Rules of Civil Procedure to re-open arbitrated issues.[1]

American and the majority rely on two cases for the proposition that

American's own failure to uncover the evidence of its payment of the 2002 taxes

through due diligence should not prevent the court from using Rule 60(b)(5):

Ferrell v. Trailmobile, 223 F.2d 697 (5th Cir. 1955) and Johnson Waste Materials

v. Marshall, 611 F.2d 593 (5th Cir. 1980).  These cases show that Rule 60(b) may

be used to reform judgments based upon post-judgment-discovered evidence that

the judgment had been paid, even if that evidence could have been discovered at

the time of trial. Although Ferrell and Johnson Waste would excuse American's

failure to discover the payments before trial, these cases do not involve arbitration

---

[1] American cites to language from Hall Street stating that §§ 10 and 11 do not exclude review "based on authority outside the statute," 128 S.Ct. at 1406, in support of its argument that the Federal Rules may be used to modify judgments.  The above language in Hall Street, however, was followed with the statement that "[t]he FAA is not the only way into court for parties wanting review of arbitration awards: they may contemplate enforcement under state statutory or common law . . . ." Id.  The Court then discussed cases involving enforcement of arbitration awards through statutes other than the FAA.  Thus, I read the above language to refer only to alternatives for enforcing an arbitration award, and not to suggest that parties enforcing an award under the FAA may replace certain provisions of the FAA with other legal authorities. Here, Baker sought enforcement through the FAA, and American has never contested the applicability of the FAA.

19

awards and therefore do not support the conclusion that Rule 60(b)(5) may be

applied to actions confirming arbitration awards.[2]

Because I believe that Rule 60(b) may not be lawfully applied to modify an

arbitration award, I would reverse. See Wexler v. Lepore, 385 F.3d 1336, 1338

(11th Cir. 2004) ("An error of law constitutes an abuse of discretion.").

Moreover, it is unclear to me that Rule 60(b)(5) would apply to the facts of

this case, even if it were generally applicable to judgments confirming arbitration

awards.

First, Rule 60(b) cannot be used to provide post-judgment relief to which

that party would not have been entitled in the original judgment. See Bear Valley

Mutual Water Co. v. Riddell, 493 F.2d 948, 950 (9th Cir. 1974). Here, American

was not entitled to modification of the arbitration award based on its tax payment

---

[2] Ferrell and Johnson Waste demonstrate that Rule 60(b) should be used to avoid an inequitable result. Courts, however, frequently allow inequitable or erroneous arbitration decisions to stand in order to effectuate the national policy favoring quick resolution of disputes through binding arbitration. See e.g., Hall Street, 128 S.Ct. at 1409 (upholding an arbitration decision despite the presence of what the dissent called "a rather glaring error of law"). Furthermore, I do not agree with the majority that the equities so one-sidedly favor American. American was the one who failed to review its own accounting records and discover the paid taxes. And American stipulated before the arbitration panel that it had paid $0 taxes on the property in question for 2002. Although Ferrell and Johnson Waste might excuse this lack of diligence, I still believe that American's fault in this case weighs against the use of Rule 60(b)(5) here. Also, there is an equitable interest in respecting the finality of the arbitrator's decision. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988) (Rehnquist, J. dissenting) ("[A] very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.").

in the enforcement proceedings because it had no right to have the award modified under the FAA.  Baker I, 508 F.3d at 1001.  It is not, therefore, entitled to seek this relief under Rule 60(b)(5).

Second, this case differs in important ways from Ferrell and Johnson Waste, and, in my opinion, these distinctions render application of Rule 60(b)(5) inappropriate in this case, even if applicable to judgments confirming arbitration awards generally.  In Ferrell, the dispute centered around the appellant's failure to make installment payments on a truck he purchased from the appellee.  223 F.2d at 698.  At trial, the appellant asserted that he had made three payments, but the appellee denied it.  Id.  After judgment was entered against the appellant, he was able to obtain copies of the money orders showing that he had in fact made the payments.  Id.  This court held that, in light of such "practically conclusive evidence" that the payments had been made, "the judgment should be set aside to prevent a manifest miscarriage of justice."  Id.  In Johnson Waste, this court built upon Ferrell and concluded that a judgment may be reformed based upon evidence that a portion of the obligation from which the judgment arose had been paid, even if the payor could have discovered that evidence at trial through the exercise of due diligence.  611 F.2d at 595.  This court noted that this holding was appropriate in "the exceptional circumstance where the evidence of payment is virtually

conclusive." Both <u>Ferrell</u> and <u>Johnson Waste</u> involved "practically conclusive evidence" that the judgments rendered by the district court had actually been satisfied by payments made by the losing party to the judgment-holding party prior to trial. Here, however, the evidence is not "practically conclusive" that the judgment was satisfied. First, the amount of American's previously-undiscovered payment to the taxing authority does not match the amount that the arbitrators determined American was obliged to pay for 2002 for the Kansas property. The arbitration decision states that American was liable for $226,770 whereas the evidence produced by American indicates that American paid the tax authority $248,624.57. This unexplained difference in liability calls into question the reliability of American's evidence. Accordingly, it was improper for the district court to offset the arbitration award by the full amount of American's payment to the county when it was greater than the amount of liability for that period found by the arbitration panel. Second, the payments made by American were not made to the party to whom it is obligated to pay the judgment. Thus, the court had to re-open questions resolved in the arbitration proceedings in order to determine whether the payment satisfied the obligation upon which the award was based.

The fact that American's evidence is not "practically conclusive" is crucial to the availability of relief under Rule 60(b). <u>See</u> <u>Ferrell</u>, 223 F.2d at 698; <u>see also</u>

22

Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989) (refusing to allow relief under Rule 60(b)(3) where the evidence presented was "a mixed bag" rather than the requisite "clear and convincing evidence," and noting that granting relief on such questionable evidence would allow relitigation of the merits on a 60(b) motion); Niedland v. United States, 338 F.2d 254, 260 (3d Cir. 1964) (refusing to apply Ferrell where the post-judgment evidence merely raised doubts – albeit "grave doubts" – as to the correctness of the judgment rather than offering conclusive proof that the judgment had been satisfied).  Thus, even if I agreed that Rule 60(b)(5) could be applied to judgments confirming arbitration awards, I would limit such relief to cases involving uncontroverted, "practically conclusive" evidence that payments were made to the party that secured the judgment.  Those circumstances are not present here.

For the foregoing reasons, I respectfully dissent from Part 2.