**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3364
_____

VIRGINIA KURSCHINSKE,
                                            Appellant

v.

MEADVILLE FORGING COMPANY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 06-cv-00087)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2012
Before:  AMBRO, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Filed:  June 1, 2012)
_____

OPINION
_____

PER CURIAM

        Virginia Kurschinske, proceeding pro se, appeals from the District Court's order

granting the defendant's motion to mark as satisfied the judgments entered against it in

the underlying action.  For the following reasons, we will affirm.

I.

In April 2006, Kurschinske commenced a gender discrimination action in the District Court against her former employer, Meadville Forging Company. Following a jury trial in January 2008, the District Court entered a judgment of $25,000.00 in her favor ("Judgment I"). Meadville Forging issued a $25,000.00 check to Kurschinske on June 26, 2008. The court subsequently awarded attorney's fees and costs to Kurschinske and her attorney, Susan Mahood, in the amount of $46,763.21 ("Judgment II").

It appears that a dispute then arose between Kurschinske and Attorney Mahood regarding Judgment II. Specifically, Kurschinske claimed that she was entitled to $16,094.53 of the attorney's fee award based on her agreement with Attorney Mahood. According to Attorney Mahood, however, no such agreement existed. In March 2009, Attorney Mahood commenced an action in the Allegheny County Court of Common Pleas against Kurschinske and Meadville Forging seeking to obtain payment of Judgment II. Kurschinske filed a counterclaim for her alleged share of the judgment. The state court found in Attorney Mahood's favor and dismissed Kurschinske's counterclaim. Accordingly, Meadville Forging issued a check for $46,763.21 payable to Attorney Mahood.

Approximately one year later, on October 5, 2010, Kurschinske returned to the District Court and obtained a writ of execution against Meadville Forging for the $46,763.21 (Judgment II) that Meadville Forging had already paid to Attorney Mahood, plus post-judgment interest. In response, Meadville Forging filed an emergency motion

to strike the writ of execution and asked the court to deem both judgments satisfied. The District Court construed Meadville Forging's motion as one pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and, following a hearing, determined that:

(a) Meadville Forging had satisfied both judgments by paying \$25,000.00 to Kurschinske on June 27, 2008,[1] and \$46,763.21 to Attorney Mahood on August 25, 2009; and

(b) Kurschinske was collaterally estopped from prosecuting her claim for a portion of the attorney's fees award by attempting to execute on Judgment II because the state court had already considered, and rejected, that claim. Kurschinske filed various motions seeking reconsideration, but the District Court denied relief.[2]

## II.

On appeal, Kurschinske first argues that the District Court erred in entering an order declaring Judgments I and II satisfied because the court's judgment in her favor on the merits of her gender discrimination claim is entitled to res judicata effect. Kurschinske appears to believe that the District Court's order deeming Judgments I and II satisfied somehow provided relief from the jury verdict to Meadville Forging. Contrary to her contention, however, the District Court's order did not disturb its previous ruling on the merits of her case. The District Court had authority under Rule 60(b) to grant

---

[1] The District Court did determine, however, that Meadville Forging owed Kurschinske interest on Judgment I. Kurschinske does not challenge this order or contend in her brief that it was not paid.

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

relief from the judgments, and acted within its discretion in doing so on the ground that both judgments had been satisfied. See Fed. R. Civ. P. 60(b)(5) (providing that the court may relieve a party from a final judgment if the judgment has been satisfied, released, or discharged); see also AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc., 579 F.3d 1268, 1272 (11th Cir. 2009) (stating that Rule 60(b)(5) "encompasses the power to declare a judgment satisfied when damages are paid before trial or a tortfeasor or obligor has paid the judgment debt") (internal quotation marks and citation omitted).

Kurschinske's second argument on appeal fares no better. She appears to claim that the District Court's ruling that Meadville Forging had satisfied Judgments I and II somehow violates the Supremacy Clause's limitation on a state's ability to enact laws that conflict with federal law. This argument is both confusing and meritless. As noted above, the District Court had authority under Rule 60(b) to deem Judgments I and II satisfied.

## III.

We have considered Kurschinske's remaining arguments and conclude that they lack merit. Accordingly, we will affirm the District Court's order.[3]

---

[3] Kurschinske does not specifically challenge the District Court's orders denying her motions for reconsideration. That said, we have reviewed these orders and see no error in the District Court's decisions denying relief.