[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14663
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60255-KAM-4


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MIGUEL GLAZE,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 9, 2015)

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Miguel Glaze, a federal prisoner proceeding *pro se*, appeals the district court's denial of a motion to vacate his conviction and sentence which he purported to file pursuant to Rule 60 of the Federal Rules of Civil Procedure. For the reasons that follow, we vacate that order and remand for further proceedings.

On February 24, 2014, Mr. Glaze pled guilty with the assistance of retained counsel to one count of conspiracy with intent to distribute five kilograms or more of cocaine. On May 9, 2014, the district court sentenced Mr. Glaze to 120 months' imprisonment, to be followed by 5 years of supervised release. Four and a half months later, on September 29, 2014, Mr. Glaze filed a *pro se* "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. Rule 60(b)(3), Rule 60(b)(4), and Rule 60(d)(3)" in which he asked the court to "vacate [his] judgment and sentence." In that motion, he asserted, among other things, that his trial counsel was ineffective, the sting operation that resulted in his arrest was racially motivated, and his guilty plea was obtained fraudulently, all in violation of the Constitution of the United States.

Two days later, the district court summarily denied Mr. Glaze's motion. As relevant here, the court stated: "Defendant is seeking to vacate his sentence pursuant to a rule of civil procedure. Fed. R. Civ. P. 60(b). Rule 60(b) . . . does not provide relief from a judgment in a criminal case." Mr. Glaze appealed.

2

We generally review a district court's ruling on a Rule 60 motion for an abuse of discretion.  *See Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).  But here, the district court's conclusion that 60(b) did not provide a vehicle for relief was a threshold legal conclusion, and we review that conclusion *de novo*.  *See AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 579 F.3d 1268, 1270 (11th Cir. 2009).  We, like the district court, must liberally construe pleadings prepared by *pro se* litigants.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

"Federal courts have long recognized that they have an obligation to look beyond the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework."  *See Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010).  We see no indication that the district court did so here despite the fact that Mr. Glaze moved the court to vacate his conviction and sentence, a motion that could properly be considered under 28 U.S.C. § 2255.[1]  Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

---

[1] We note, however, that Federal Rule of Criminal Procedure 11(e) does impose some restrictions on the district court's authority to address Mr. Glaze's request to have his guilty plea set aside.