[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15684

_____

D.C. Docket No. 2:11-cv-00464-JZ-WC

KESIA J. PERRY,

Plaintiff-Appellant,

VALENCIA AARON, et al.,

Plaintiffs,

versus

ALABAMA BEVERAGE CONTROL BOARD, et al.,

Defendants,

ALABAMA ALCOHOLIC BEVERAGE CONTROL BOARD,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(September 11, 2019)

Before ROSENBAUM, BRANCH, and DUBINA, Circuit Judges.

PER CURIAM:

Kesia Perry sued her employer, the Alabama Alcoholic Beverage Control Board ("ABC Board"), bringing claims of race discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* The ABC Board filed a motion for summary judgment, which was granted by the district court. Perry appealed and, in *Perry v. Rogers*, 627 F. App'x 823 (11th Cir. 2015) (per curiam) ("*Perry I*"), this Court reversed and remanded Perry's retaliation claim. Perry's retaliation claim then proceeded to trial, where a jury returned a verdict in favor of the ABC Board. Perry now appeals the jury's verdict, arguing that the district court misapplied the *Perry I* mandate by instructing the jury that Perry's suspension and nondisciplinary counselings were not adverse employment actions and could not form the basis for the verdict. Perry also argues that the district court made several erroneous evidentiary rulings that, due to their cumulative prejudicial impact on her case, demand reversal and a new trial.

Because the district court's jury instructions correctly applied the mandate issued by this Court in *Perry I* and because we can discern no abuse of its discretion in the district court's evidentiary rulings, we affirm.

## I.    FACTS[1]

In *Perry I*, this Court affirmed the dismissal of Perry's racially hostile work environment claims.  627 F. App'x at 837.  Thus, the sole claim before the district court for trial was Perry's Title VII retaliation claim.  *Id.* at 834.  Prior to trial, the ABC Board filed a motion in limine to exclude any evidence or argument "regarding or relating to claims which have been dismissed" as such evidence would be prejudicial, irrelevant, confusing to the jury, and a waste of time.  The ABC Board also offered to stipulate to the first element of Perry's retaliation claim, "that Perry engaged in protected activity by filing a lawsuit in which she alleged a violation of Title VII, . . . [and] . . . that her belief that she was entitled to engage in that protected activity was a good faith belief."  But Perry refused to accept the stipulation.  In considering the ABC Board's motion in limine, the district court weighed the probative value of the evidence related to Perry's dismissed claims with the potential for prejudice and confusion under Federal Rule of Evidence 403.[2]  It concluded that the ABC Board's stipulation was necessary, and agreed with the ABC Board that allowing Perry to present evidence of the basis for her dismissed claims would be unfairly prejudicial to the ABC Board and

---

[1] Because we write for the parties, we assume familiarity with the facts laid out in *Perry I*, 627 F. App'x at 825–830, and include only the relevant facts from Perry's trial.

[2] Under Rule 403, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

potentially confusing to the jury. The court further explained that Perry would be able to present evidence of the *allegations* in her Complaint—but not additional evidence of *underlying conduct* that formed the basis for her dismissed claims, to the extent the conduct was not already alleged in the Complaint itself. In order to mitigate the potential for confusion or unfair prejudice, the court allowed ABC to introduce evidence establishing that Perry's other claims had been dismissed.

A jury trial was held on November 27–30, 2017. At the beginning of the trial, the district court instructed the jury on the elements of the retaliation claim as follows:

> To succeed on this retaliation claim, Perry must prove each of the following elements by a preponderance of the evidence: one, she engaged in a protected activity, namely, her June 2011 lawsuit; two, ABC took an adverse employment action against her; three, ABC took this action because of her June 2011 lawsuit; and four, she suffered damages because of the adverse employment action.

The district court then told the jury that the ABC Board agreed "that Perry engaged in a protected activity when she filed a lawsuit against ABC in June 2011," and had stipulated to the first element. Because the ABC Board had stipulated to the first element of Perry's retaliation claim, the jury was told to regard that element as having been "conclusively proved without the need for further evidence."

Prior to the jury's deliberation, the district court judge reminded the jury that Perry claimed that the ABC Board "retaliated against her because she took steps to enforce her lawful rights under Title VII of the Civil Rights Act of 1964 by filing

4

this lawsuit. [She] claims [the ABC Board] retaliated against her by assigning her to a new supervisor, Andy Knight, who unfairly scrutinized and disciplined her. [The ABC Board] denies [Perry's] claim, saying it acted for legitimate reasons." The judge then charged the jury with deciding whether the ABC Board "took an adverse employment action against [Perry] by assigning her to a new supervisor who unfairly scrutinized and disciplined her. . . . [and] whether [the ABC Board] subjected [Perry] to abnormal monitoring or discipline." The judge also instructed the jury as follows:

> You have heard testimony about a variety of allegations related to events and actions that took place before plaintiff filed this lawsuit in June 2011. As I cautioned you at the beginning of the case, you may consider this information only as context for the retaliation claim before you today.
>
> I will remind you of my earlier instruction. You are not here to decide whether defendant discriminated against plaintiff, subjected her to a hostile work environment based on her race, or retaliated against her before June 2011. Those claims are not before you, and plaintiff is not required to prove that defendant actually discriminated against her. Your job is limited to deciding whether defendant retaliated against her for filing this lawsuit.
>
> I instruct you as a matter of law that the following are not adverse employment actions: events or actions before June 2011, nondisciplinary counselings, and the [] January 2012 suspension. These actions may not form the basis for your verdict in this case.

On November 30, 2017, the jury returned a verdict in favor of the ABC Board. Final judgment was entered in favor of the ABC Board on December 11, 2017, and Perry timely appealed.

5

## II.   STANDARD OF REVIEW

"The mandate rule is a specific application of the 'law of the case' doctrine which provides that subsequent courts are bound by any findings of fact or conclusions of law made by the court of appeals in a prior appeal of the same case." *Friedman v. Mkt. St. Mortg. Corp.*, 520 F.3d 1289, 1294 (11th Cir. 2008) (internal citations and quotation marks omitted).  "The law of the case doctrine and the mandate rule ban courts from revisiting matters decided expressly or by necessary implication in an earlier appeal of the same case." *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 579 F.3d 1268, 1270–71 (11th Cir. 2009). "Needless to say . . ., a district court cannot amend, alter, or refuse to apply an appellate court's mandate. . . . [T]he mandate must be followed."  *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F.3d 835, 844 (11th Cir. 2018).

But this Court will not "nitpick the [jury] instructions for minor defects." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1283 (11th Cir. 2008).  "A trial court is given wide discretion as to the style and wording of jury instructions, and on appeal we review the court's instructions only to determine that they show no tendency to confuse or to mislead the jury with respect to the applicable principles of law." *Samples v. City of Atlanta*, 916 F.2d 1548, 1550 (11th Cir. 1990) (internal quotation marks and citation omitted).  "[I]f the jury charge as a whole correctly instructs the jury, even if it is technically imperfect, no reversible

6

error has been committed." *Bateman v. Mnemonics, Inc*., 79 F.3d 1532, 1543 (11th Cir. 1996)).

"We review the evidentiary rulings of the district court for a clear abuse of discretion." *United States v. Tinoco*, 304 F.3d 1088, 1119 (11th Cir. 2002). We will only grant a reversal if a party has established that "(1) its claim was adequately preserved; (2) the district court abused its discretion in interpreting or applying an evidentiary rule; and (3) this error affected 'a substantial right.'" *Proctor v. Fluor Enters., Inc.*, 494 F.3d 1337, 1349 (11th Cir. 2007) (quoting *United States v. Stephens,* 365 F.3d 967, 974 (11th Cir. 2004) (quoting Fed. R. Evid. 103(a))).

## III.    DISCUSSION

Perry raises two issues on appeal.  She argues that the district court did not follow the *Perry I* mandate and improperly instructed the jury that Perry's suspension and nondisciplinary counselings were not adverse employment actions and could not form the basis for the verdict.  She also argues that the district court committed several evidentiary errors which, under the cumulative-error doctrine, materially prejudiced Perry and require a new trial.

### a.  Jury Instructions

Perry argues that the district court failed to follow the *Perry I* mandate by giving improper instructions to the jury that Perry's suspension and

7

nondisciplinary counselings were not adverse employment actions and could not be considered when rendering the verdict. We disagree.

In particular, Perry takes issue with the charge that instructed the jury that, as a matter of law, "the following are not adverse employment actions: events or actions before June 2011, nondisciplinary counselings, and the [] January 2012 suspension. These actions may not form the basis for your verdict in this case." In order to determine whether the district court complied with this Court's mandate in *Perry I*, we begin with the relevant portion of this Court's opinion in *Perry I*:

> Perry contends that her placement under Knight's supervision and his subsequent close monitoring and disciplinary decisions constituted an act of retaliation for filing her lawsuit. Perry filed her lawsuit on June 14, 2011, and Goolsby assigned Knight as her supervisor the following month—in July 2011—even though Knight had not supervised anyone for several years. . . .

> During his tenure as Perry's supervisor, Knight counseled Perry about punctuality, cooperation with coworkers, and compliance with the ABC Board's rules. Perry also received two disciplinary actions—a written reprimand for tardiness and insubordination and a suspension for violating leave policies and procedures. Both of these acts constitute materially adverse actions. And, because Goolsby placed Perry under Knight's supervision the month after she filed her lawsuit, a reasonable jury could find that the causation element is met. While we recognize that the ABC Board claims that it decided to have Knight supervise Perry to place a "buffer" between Goolsby—a person who was named as an individual defendant in the case—and Perry, it is also plausible that the ABC Board did so to have Knight further scrutinize Perry's actions.

> Further, although a jury might find that the ABC Board had legitimate reasons for disciplining Perry, it might also find that Perry adequately rebutted these reasons by offering the testimony of Knight. . . .

8

> Taking the facts in the light most favorable to Perry, we find that a genuine issue of material fact exists as to *whether the ABC retaliated against Perry after she filed her lawsuit. Based on the close temporal proximity between the filing of Perry's complaint and the subsequent disciplinary activity, a reasonable jury could conclude that Perry would not have been closely watched and then disciplined by Knight in the absence of her protected activity.* Accordingly, we reverse and remand with respect to Perry's retaliation claim.

*Perry I*, 627 F. App'x at 833–34 (emphasis added) (citation omitted). We otherwise affirmed the district court. *See id.* at 842.

Our examination of the district court's jury instructions convinces us that the district court did not amend, alter, or refuse to apply this Court's mandate in *Perry I.* The district court instructed the jury to decide whether the ABC Board "took an adverse employment action against [Perry] by assigning her to a new supervisor who unfairly scrutinized and disciplined her. . . . [and] whether [the ABC Board] subjected [Perry] to abnormal monitoring or discipline." Although this articulation of the retaliation claim does not quote *Perry I* verbatim,[3] it aligns with *Perry I*'s reasoning that "a reasonable jury could conclude that Perry would not have been closely watched and then disciplined" if Perry had not filed her lawsuit against the ABC Board. *Id.* at 834. Put differently, the *Perry I* opinion signaled that Perry's

---

[3] The district court was not, of course, required to present the issue to the jury using the same phrasing as the *Perry I* court. *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1276 (11th Cir. 2008) ("[T]he district court is given wide discretion as to the style and wording employed in the instructions.").

retaliation claim turned entirely on whether the close supervision instituted by the ABC Board and the subsequent discipline would not have otherwise occurred but for Perry filing her lawsuit. Nothing in the district court's instructions runs afoul of this proposition.

We recognize that suspensions may normally be considered to be adverse employment actions. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 920 (11th Cir. 1993). And we do not foreclose the possibility that, depending on the circumstances, nondisciplinary counselings could be considered to be adverse employment actions as well. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (plaintiff must show that a reasonable employee would have found the challenged action materially adverse). Despite this backdrop, and for the reasons set forth in our decision in *Perry I*, the district court did not err when it instructed the jury that the two actions were not, in and of themselves on this record, adverse employment actions. Our decision in *Perry I* very clearly stated that because Perry did not argue to the district court that her suspension was an act of retaliation, the issue was waived. *See Perry I*, 627 F. App'x at 833. As for the nondisciplinary counselings, *Perry I* addressed at least one such instance, finding that it did not constitute an adverse employment action. *Id*. at 832. As for any other counselings, the jury instructions, taken as a whole, conveyed the idea

(consistent with *Perry I*) that, on the record here, the nondisciplinary counselings that occurred in this case could not, in and of themselves, constitute retaliation.

As for the portion of the instruction that informed the jury that the suspension and nondisciplinary counselings "may not form the basis of your verdict in this case[,]" Perry argues that this conveyed the idea that the actions could not be considered at all. We disagree. Perhaps in isolation, the statement may have conveyed to the jury the idea that it could not consider the suspension or nondisciplinary counselings at all. But in the context of the instructions as a whole, it did not. Again, the district court charged the jury with deciding whether the ABC Board "took an adverse employment action against [Perry] by assigning her to a new supervisor who unfairly scrutinized and disciplined her . . . . [and whether [the ABC Board] subjected [Perry] to abnormal monitoring or discipline." This charge adequately conveyed the idea that the two types of actions could be considered by the jury in rendering their verdict—that is, the jury could consider whether the suspension and nondisciplinary counselings occurred only because Perry was being unfairly scrutinized; the suspension and nondisciplinary counselings just could not—on their own—form the basis of a retaliation award.

Thus, the district court correctly applied *Perry I* and, in doing so, properly instructed the jury to decide whether an adverse employment action occurred when Perry was assigned to a new supervisor who scrutinized and disciplined her after

11

she filed her lawsuit in June 2014.  And since the jury charge as a whole correctly instructed the jury, we find no reversible error.  *See Bateman*, 79 F.3d at 1543.

### b.  *Evidentiary Rulings*

Perry complains of three evidentiary rulings that she believes "prejudiced" her.  First, Perry argues that the district court erroneously allowed the ABC Board to stipulate to the first element of her Title VII retaliation claim and further erred by allowing the ABC Board to question her about her dismissed claims.  Second, Perry argues that the district court improperly prevented her from mentioning her January 2012 suspension in the context of retaliation.  Third, Perry argues that "[t]he total effect of the district court's errors was to materially prejudice Perry," such that she is entitled to a new trial.

Before we begin, we note that deference is the hallmark of our abuse-of-discretion review, and "requires that we not reverse an evidentiary decision of a district court unless the ruling is manifestly erroneous."  *United States v. Frazier*, 387 F.3d 1244, 1258 (11th Cir. 2004) (citations and quotation marks omitted).  "The resolution of these questions lies within the sound discretion of the trial judge," *United States v. Benton*, 637 F.2d 1052, 1056 (5th Cir. 1981), and it is "axiomatic that a district court enjoys 'considerable leeway' in making [evidentiary] determinations."  *Frazier*, 387 F.3d at 1258 (citation omitted).

12

We first consider the issue regarding the stipulation and evidence of Perry's dismissed claims.  Perry argues that the district court's acceptance of the ABC Board's stipulation to the first element of Perry's retaliation claim "was prejudicial to Perry."  She also complains that the district court erred by allowing the ABC Board to question her about the dismissed claims—but not allowing her counsel to pursue the same line of questioning on redirect.

Here, the district court concluded that ABC's stipulation was necessary. It also concluded that allowing Perry to present evidence related to her dismissed claims would unfairly prejudice the ABC Board and be potentially confusing to the jury.  The court allowed the ABC Board to introduce evidence that Perry's other claims had been dismissed in order to mitigate the risk of prejudice and confusion. Because the district court's rulings on the stipulation and dismissed claims were made under Rule 403, we review those determinations "for a clear abuse of discretion."  *Tinoco*, 304 F.3d at 1120.

With respect to the ABC Board's stipulation, it is not uncommon for parties to stipulate to an element of a claim, even in discrimination cases.  *See, e.g.*, *Henson v. City of Dundee*, 682 F.2d 897, 903 (11th Cir. 1982) ("The employee belongs to a protected group.  As in other cases of sexual discrimination, this requires a simple stipulation that the employee is a man or a woman.").  And Perry does not argue that the court mistakenly determined that the stipulation would

13

prevent confusion.  Nor does she argue that the district court wrongly calculated that the evidence of her dismissed claims would be unfairly prejudicial to the ABC Board.  Likewise, she fails to challenge the district court's reasoning that the ABC Board should have been permitted to introduce evidence of the fact that Perry's other claims had been dismissed in order to mitigate any risk of unfair prejudice and jury confusion.  Instead, Perry's *only* argument on appeal is that the "district court's rulings with regard to the stipulation and the questioning of Perry with regard to her dismissed claims was prejudicial."  This argument is woefully inadequate to establish reversible error.  Because Perry has not established that the district court struck the wrong Rule 403 balance in its evidentiary rulings related to the ABC Board's stipulation and evidence of Perry's dismissed claims, we cannot say that the district court clearly abused its discretion.

We next consider Perry's argument that the district court erred by prohibiting her from mentioning her January 2012 suspension in the context of retaliation.  Perry argues that the district court's ruling "severely hindered Perry's counsel during closing arguments to the prejudice of Perry."  As a threshold matter, this single sentence is insufficient to establish any abuse of discretion by the district court.  But, even if we assume *arguendo* that Perry's argument alleges a legal error, we have already determined that the district court's jury instruction on this issue was directly in line with the *Perry I* mandate.  We are bound, as the

14

district court was, by the prior panel's determination that the suspension was not an adverse employment action. Thus, we cannot say that the district court's refusal to let Perry mention her January 2012 suspension in the context of retaliation was an abuse of discretion.

Before we consider Perry's cumulative error argument, we note that Perry's disagreement with the district court's evidentiary rulings is basically just a list of complaints—she does not cite even a single case to establish the district court's evidentiary rulings were erroneous. But generic complaining (i.e., "the district court made a decision that hurt my case") is not a valid legal argument. Perry has not identified any legal authority that would suggest the district court committed legal error in its evidentiary rulings and thus has failed to show that "the district court abused its discretion in interpreting or applying an evidentiary rule." *Proctor*, 494 F.3d at 1349 (citation and quotation marks omitted). We must conclude that the district court did not abuse its discretion.

Lastly, Perry asserts that she is entitled to a new trial under the cumulative-error doctrine. *See, e.g., United States v, Pearson*, 746 F.2d 787, 796 (11th Cir. 1984). Perry argues that the total effect of the district court's errors caused her material prejudice, which deprived her of a fair trial. We disagree. Because Perry has failed to establish any reversible error committed by the district court, her demand for a new trial is without merit.

## IV.    CONCLUSION

We can discern no abuse of discretion—let alone manifest error—in the district court's evidentiary rulings.  The jury rendered its verdict in favor of the ABC Board and, because the district court's instructions complied with this Court's mandate in *Perry I*, we will not disturb the jury's verdict.

The district court's judgment is hereby

**AFFIRMED.**